**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**THE STATE OF MISSISSIPPI, *EX REL*.
JIM HOOD, ATTORNEY GENERAL
FOR THE STATE OF MISSISSIPPI,**

    **Plaintiff,**

**V.**

                                                  **Civil Action No. 3:08cv780-HTW-LRA**

**ENTERGY MISSISSIPPI, ET AL.,**

    **Defendants.**

### THE STATE OF MISSISSIPPI'S MOTION FOR A STATUS CONFERENCE

The State of Mississippi, as the plaintiff in this improperly removed action, submits this *Motion for a Status Conference* pertaining to its pending *Motion to Remand Re-Urged*:

1. On December 2, 2008, the State of Mississippi filed this action in the Chancery Court of Hinds County, Mississippi. On December 29, 2008, the Defendants filed a Notice of Removal with this Court. The State's *Motion to Remand* was timely filed on January 28, 2009. This Court conducted hearings on the *Motion to Remand* on May 7 and 27, 2009. On August 25, 2012, this Court denied the State's *Motion to Remand* on grounds that CAFA's Mass Action provision provided federal subject matter jurisdiction.

2. On September 19, 2012, the State filed its opposition to Entergy's *Motion for Judgment on the Pleadings*. This Court heard oral argument on September 27, 2012. On October 2, 2012, "all disclosures, discovery, deadlines and other matters [were] stayed and held in abeyance" pending additional orders of the court.

3. After no additional orders or rulings by this Court were forthcoming, the State

1

filed its ***Motion to Remand Re-Urged*** on January 15, 2014, the day after the U.S. Supreme Court rendered its Hood v. AU Optronics decision, which negated the applicability of any CAFA-derived "Mass Action" subject matter jurisdiction herein and where no federal question appears on the face of the State's Complaint herein.  On February 10, 2014, this Court heard oral argument on the State's ***Motion to Remand Re-Urged***.

4.   On June 20, 2014, counsel for the State of Mississippi wrote a letter to this Court, inquiring if anything else was needed from either of the parties.  No ruling has yet been issued on the State's ***Motion to Remand Re-Urged*** and the State has otherwise been unable to substantively proceed with the prosecution of its case in light of the pending Stay Order.

5.   The underlying state-court complaint before this Court pertains to public utilities, which is a matter of great importance to the State of Mississippi.  The State's control of public utilities is an area that the United States Supreme Court has recognized as "one of the most important of the functions traditionally associated with the police power of the States." ***New Orleans Public Service, Inc. v. Council of City of New Orleans***, 491 U.S. 350, 365 (1989). Moreover, the current procedural posture of this matter raises considerations of federalism and comity.  *See **Duke v. State of Texas***, 477 F.2d 244, 252 (5th Cir. 1973) (noting the "delicate balance between federal and state courts implicit in traditional concepts of comity and federalism" to which "federal courts must be especially sensitive to . . .and assiduous in its preservation").  When a State is a litigant, federal courts are further mindful of the "dignity" of States "as residuary sovereigns and joint participants in the governance of the Nation." *See **Alden v. Maine***, 527 U.S. 706, 748 (1999).  Given the delicate balance between federal and state courts, motions to remand are entitled to priority consideration.  *See* L.U.Civ.R.7(b)(7).  Further, the Supreme Court has instructed that "considerations of comity make us reluctant to snatch

2

cases which a State has brought from the courts of that State, unless some clear rule demands it."

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 21 n. 22 (1983).

6. In light of the priority consideration due remand motions, principles of federalism and comity, the importance of the underlying subject matter, as well as the interests of the Plaintiff in the instant case as a sovereign entity, the State of Mississippi respectfully requests a status conference with this Court in order to ascertain when a ruling on the State's *Motion to Remand Re-Urged* might be forthcoming.

Submitted, this the 18th day of September, 2014.

**RESPECTFULLY SUBMITTED,**

**THE STATE OF MISSISSIPPI, EX REL.**
**JIM HOOD, ATTORNEY GENERAL**
**FOR THE STATE OF MISSISSIPPI**

/s/ **JIM HOOD**
ATTORNEY GENERAL OF THE
STATE OF MISSISSIPPI
MSB No. 8673

Office of the Attorney General
Post Office Box 220
Jackson, Mississippi 39205
Telephone: (601) 359-3816

**/s/ VINCENT F. KILBORN, III**
**Vincent F. Kilborn, III, Esq. (MSB #103028)**
KILBORN, ROEBUCK & McDONALD
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

**David A. McDonald, Esq. ( MSB #103027)**
KILBORN, ROEBUCK & McDONALD
Post Office Box 832
Mobile, Alabama 36601
Telephone: (251) 434-0045
Fax: (251) 434-0047

**/s/ LUKE F. PIONTEK**
**J. Kenton Parsons (La. Bar No. 10377)**
**Luke F. Piontek (La. Bar No. 19979)**
**Andre G. Bourgeois (La. Bar No. 19298)**
**Shelley Ann McGlathery (La. Bar No. 32585)**
*Pro Hac Vice*
**ROEDEL PARSONS KOCH BLACHE**
**BALHOFF & McCOLLISTER**
A Law Corporation
8440 Jefferson Highway, Suite 301
Baton Rouge, Louisiana 70809
Telephone: (225) 929-7033
Facsimile: (225) 928-4925

## CERTIFICATE OF SERVICE

I, Vincent F. Kilborn, III, Attorney for the State of Mississippi, do hereby certify that on September 18, 2014, I caused to be electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

/s/ VINCENT F. KILBORN, III
VINCENT F. KILBORN, III