IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STATE OF MISSISSIPPI** *ex rel. Jim Hood,*  **PLAINTIFF**
*Attorney General*

**V.** **CAUSE NO. 3:08-CV-780-CWR-LRA**

**ENTERGY MISSISSIPPI, INC., ET AL.** **DEFENDANTS**

## ORDER

On September 21, 2016, the United States District Judge presiding over this case determined that the defendants were not entitled to judgment on the pleadings. Docket No. 85. Aggrieved, the defendants filed the present motion seeking leave to take an immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The matter is fully briefed and ready for review.[1]

> The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals. Section 1292(b) appeals are exceptional. They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation.

*Clark-Dietz & Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983). "Moreover, while an immediate appeal may save the district court time because reversal might preclude a hearing . . . and affirmance might induce settlement, an immediate appeal may delay judgment and thus penalize the appellees . . . ." *Id.*

After reviewing the pleadings, earlier rulings, and present arguments, the undersigned is not persuaded that the defendants have met the high standard required for § 1292(b) certification. The only thing exceptional about this case is how long it has lingered in the federal courts prior

---

[1] After the briefing on this motion was completed, the case was transferred to the undersigned District Judge.

to the commencement of discovery. And the cure to that problem—the best way to advance the ultimate termination of the litigation—is to proceed as expeditiously as possible to trial.

The motion is denied. Within seven days, the parties shall contact the chambers of the Magistrate Judge to schedule a Case Management Conference. This renders moot the State's motion to lift the stay and proceed with discovery.

**SO ORDERED**, this the 4th day of January, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
