Last Updated: Dec 2016

FORM 1 (ND/SD MISS. DEC. 2016)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THE STATE OF MISSISSIPPI, *EX REL.*  
JIM HOOD, ATTORNEY GENERAL  
FOR THE STATE OF MISSISSIPPI                                                    PLAINTIFF

v.                                                                     CIVIL ACTION
                                                                       NO. 3:08cv780-CWR-LRA

ENTERGY MISSISSIPPI, INC., ET AL.                                                DEFENDANTS

# CASE MANAGEMENT ORDER

This Order, including all deadlines, has been established with the participation of all parties and can be modified only by order of the Court on a showing of good cause supported with affidavits, other evidentiary materials, or reference to portions of the record.

IT IS HEREBY ORDERED:

1. **ESTIMATED DAYS OF TRIAL:** 2 weeks

   **ESTIMATED TOTAL NUMBER OF WITNESSES:** 10-15 per side

   **EXPERT TESTIMONY EXPECTED:** Yes   **NO. OF EXPERTS:** 10

   Five for plaintiff; five for defendants

2. **ALTERNATIVE DISPUTE RESOLUTION [ADR].**

   At the time this Case Management Order is offered it does not appear that alternative dispute resolution techniques will be used in this civil action.

   Additional Information:
   The parties will confer regarding mediation; the parties agree that mediation will not interfere with discovery or trial date or any established pre-trial deadlines.

3. **CONSENT TO TRIAL BY UNITED STATES MAGISTRATE JUDGE.**

   The parties do not consent to trial by a United States Magistrate Judge.

FORM 1 (ND/SD MISS. DEC. 2016)

### 4. DISCLOSURE.

The following additional disclosure is needed and is hereby ordered:

Plaintiff provided Defendants with its pre-discovery disclosures pursuant to Local Uniform Civil Rule 5(d)(1) and FRCP 26(a)(1) on September 26, 2012. Defendants provided initial pre-discovery disclosures on February 28, 2017. Plaintiff provided supplemental pre-discovery disclosures on March 20, 2017. Plaintiff, however, anticipates updating its disclosures to list two additional expert witnesses, and bringing its Documents and Damages sections up to date. The parties have agreed that all discovery produced to plaintiffs in the Jenkins case in Texas will be produced to Attorney General Hood in this case, upon the entry of a proper confidentiality order.

### 5. MOTIONS; ISSUE BIFURCATION.

Staged resolution, or bifurcation of the issues for trial in accordance with FED. R. CIV. P. 42 (b) will assist in the prompt resolution of this action. Accordingly, the Court orders that:

Because the damage theory which Attorney General Hood has revealed in his partial initial disclosures will require lengthy and complex evidence, defendants may suggest that the trial should be bifurcated, first addressing only liability on any claims which may remain after resolution of dispositive motions. Plaintiff objects to bifurcation at this time.

Early filing of the following motion(s) might significantly affect the scope of discovery or otherwise expedite the resolution of this action:

Defendants: (A) Rule 12(c) motions to determine whether any of the seven counts state a claim under Mississippi law; (B) Motion to defer to jurisdiction of Pubic Service Commission based on new decision of Supreme Court of Mississippi; (C) Motion to strike claim for jury trial; (D) Summary Judgment motions on any remaining claims, including assertion of preemption issues. Plaintiff: Summary Judgment motions on various claims.

### 6. DISCOVERY PROVISIONS AND LIMITATIONS.

    **A.**   Interrogatories are limited to __100__ succinct questions.

    **B.**   Requests for Production are limited to __600__ succinct questions.

    **C.**   Requests for Admissions are limited to __100__ succinct questions.

    **D.**   Depositions are limited to the parties, experts, and no more than

        __15__ fact witness depositions per party without additional approval of the Court.

FORM 1 (ND/SD MISS. DEC. 2016)

**E.**   The parties have complied with the requirements of Local Rule 26(e)(2)(B) regarding discovery of electronically stored information and have concluded as follows [The parties MUST state whether or not there is ESI and, if so, how they propose to address it]:

There will be electronically stored information (ESI) in this matter, most of which will be produced by Entergy. On April 3, 2017, Entergy produced to Plaintiff the non-confidential documents that were produced in the Jenkins case, which was dismissed for lack of jurisdiction in Texas. The parties have agreed to enter confidentiality protections and the Court entered the Protective Order on May 17, 2017, and the confidential and Highly Sensitive Jenkins discovery will be produced to General Hood within thirty (30) days thereafter. Rolling productions of ESI will be produced on a rolling basis beginning thirty (30) days after entry of the Protective Order.

The parties met and conferred on April 25, 2017 regarding production format.

*(Further explanation of production of ESI in this case continued on Exhibit A.)

**F.**   The court imposes the following further discovery provisions or limitations:

☐ 1. The parties have agreed that defendant may obtain a Fed. R. Civ. P. 35 (L.U.Civ.R. 35) medical examination of the plaintiff (within subpoena range of the court) by a physician who has not examined the plaintiff, and that defendant may arrange the examination without further order of the court.

☑ 2. Pursuant to Rule 502(d) of the Federal Rules of Evidence, the attorney-client privilege and the work-product protections are not waived by any disclosure connected within this litigation pending before this Court. Further, the disclosures are not waived in any other federal or state proceeding.

☐ 3. Plaintiff must execute an appropriate, HIPAA-compliant medical authorization.

☐ 4. The court desires to avoid the necessity of filing written discovery motions where court participation in an informal discussion of the issue might resolve it, even after the parties have been unsuccessful in a good faith attempt to do so. Consequently, before a party may serve any discovery motion, counsel must first confer in good faith as required by F.R. Civ. P. 37(a)(1). If the attorney conference does not resolve the dispute, counsel must contact the chambers of the magistrate judge to request a telephonic conference to discuss the issue as contemplated by F.R. Civ.P. 16(b)(3)(B)(v). Only if the telephonic conference with the judge is unsuccessful in resolving the issue may a party file a discovery motion

☑ 5. Other:

Additional relevant damages time periods, as requested by the Magistrate Judge: Affiliate Issues (power purchasing, power sales, generation dispatch, etc.), based upon information and belief = 1998-2013, although relevant information exists after 2013. Entergy Power, Inc. purchases (subset of Affiliate Issues), based upon information and belief = 1993-2000. Improper Inclusions (cost items improperly included in, not properly credited in and/or improperly excluded from EMI's Fuel Adjustment Clause, Energy Cost Recovery Rider, Unit Power Cost Recovery Rider and/or Power Management Rider) = 1993 to present.

FORM 1 (ND/SD MISS. DEC. 2016)

Additional Provisions:

7. **SCHEDULING DEADLINES**

   A. **Trial.** This action is set for  JURY TRIAL  during a  two-week  term of court beginning on:  November 5, 2018 , at  9:00 ,  a.m. , in  Jackson , Mississippi, before United States  District  Judge  Carlton Reeves .

   ANY CONFLICTS WITH THIS TRIAL DATE MUST BE SUBMITTED IN WRITING TO THE TRIAL JUDGE IMMEDIATELY UPON RECEIPT OF THIS CASE MANAGEMENT ORDER.

   B. **Pretrial.** The pretrial conference is set on:  October 12, 2018 , at  9:00 ,  a.m. , in  Jackson , Mississippi, before United States  District  Judge  Carlton Reeves .

   C. **Discovery.** All discovery must be completed by:  May 14, 2018 .

   D. **Amendments.** Motions for joinder of parties or amendments to the pleadings must be filed by:  June 5, 2017 .

   E. **Experts.** The parties' experts must be designated by the following dates:

   1. Plaintiff(s):  November 3, 2017; April 2, 2018 (rebuttal) .

   2. Defendant(s):  March 5, 2018 .

FORM 1 (ND/SD MISS. DEC. 2016)

8. **MOTIONS.** All dispositive motions and *Daubert*-type motions challenging another party's expert must be filed by: June 20, 2018         . The deadline for motions *in limine* is fourteen days before the pretrial conference; the deadline for responses is seven days before the pretrial conference.

9. **SETTLEMENT CONFERENCE.**

If the parties desire judicial assistance to settle the case after initial discovery, they will contact the Court to request a date for a settlement conference when they have obtained the discovery necessary to make the conference effective.

10. **REPORT REGARDING ADR.** On or before (7 days before FPTC) October 5, 2018         , the parties must report to the undersigned all ADR efforts they have undertaken to comply with the Local Rules or provide sufficient facts to support a finding of just cause for failure to comply. *See L.U.Civ.R.83.7(f)(3).*

**SO ORDERED:**

| 6/05/2017 | /s/ Linda R. Anderson |
|---|---|
| DATE | UNITED STATES MAGISTRATE JUDGE |

The State of Mississippi, *ex rel.* Jim Hood, Attorney General for the State of Mississippi v. Entergy Mississippi, Inc., *et al.*

Civil Action No. 3:08cv780-CWR-LRA

6(E) The parties have complied with the requirements of Local Rule 26(e)(2)(B) regarding discovery of electronically stored information and have concluded as follows [The parties MUST state whether or not there is ESI and, if so, how they propose to address it]:

[ctd. from Case Management Order]

Defendants intend to produce ESI in standard TIFF format with text-searchable files, load files, and reasonably available metadata, except that documents maintained in the ordinary course of business as spreadsheets (e.g., Microsoft Excel) shall be produced in their native form. Plaintiff is researching and assessing whether their document review platform has different requirements, and will determine whether ESI produced in TIFF format, as set forth above, is reasonable or whether a different format should be utilized. It is Plaintiff's position all documents maintained in the ordinary course of business in their native format should be produced in native format with all associated metadata.

. The parties have agreed to phase discovery such that Phase I will be targeted from centralized data storage locations and will be identified, collected, and produced first. The parties will then meet and confer to determine if further discovery is required from custodial sources such as email and culling methodologies to be used with the same (Phase II).

EXHIBIT A