IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STATE OF MISSISSIPPI** *ex rel. Jim Hood,* **PLAINTIFF**
*Attorney General*

**V.** **CAUSE NO. 3:08-CV-780-CWR-LRA**

**ENTERGY MISSISSIPPI, INC., ET AL.** **DEFENDANTS**

## ORDER

Entergy Power and Entergy Corporation have moved to dismiss this case for lack of personal jurisdiction. The motions are fully briefed and ready for review.

**I.     Background**

In December 2008, the Attorney General of the State of Mississippi commenced this suit in state court against Entergy Mississippi, Entergy Services, Entergy Power, and Entergy Corporation. Later that month the defendants removed the case here, answered the complaint, and asserted two counterclaims.

In May 2009, the defendants moved for judgment on the pleadings—on the Attorney General's claims and on their own counterclaims—under Federal Rule of Civil Procedure 12(c). They did not advance a personal jurisdiction defense then or in the various proceedings which followed. Eight years passed before Entergy Power and Entergy Corporation ("the movants") filed the present motion.

This Order resolves whether the movants' omission or delay constitutes a waiver of their personal jurisdiction defense. The movants contend that their defense is timely because it was asserted in their answer. The Attorney General argues that including the defense in the answer was not enough, given the subsequent Rule 12(c) motion.

**II.     Law**

"Rule 12 was drafted by the Advisory Committee to prevent the dilatory motion practice fostered by common law procedure and many of the codes under which numerous pretrial motions could be made, many of them in sequence—a course of conduct that was pursued often for the sole purpose of delay." Wright et al., 5C Fed. Prac. & Proc. § 1384 (3d ed. April 2017). "Simply stated, the objective of the consolidation rule is to eliminate unnecessary delay at the pleading stage. Subdivision (g) contemplates the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense and objection he may have that is assertable by motion." *Id.*; *see Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 997 (1st Cir. 1983).

Two parts of the Rule are relevant to this case. The first is Rule 12(g)(2). It reads: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."[1] Fed. R. Civ. P. 12(g)(2).

The other applicable provision is Rule 12(h)(1). It reads:

A party waives any defense listed in Rule 12(b)(2)-(5) by:
   (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
   (B) failing to either:
      (i) make it by motion under this rule; or
      (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

Fed. R. Civ. P. 12(h)(1). "[T]he message conveyed by the present version of Rule 12(h)(1) seems quite clear. It advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process." Wright et al. § 1391.

---

[1] The movants do not invoke the exceptions in Rule 12(h)(2)-(3).

Eliding and combining the relevant language leaves us with this concise summary: a party waives an available personal jurisdiction defense by (1) failing to include it in the party's first Rule 12 motion, (2) failing to bring any Rule 12 motion, or (3) failing to include it in an answer or Rule 15(a)(1) amended answer. *See* O'Connell & Stevenson, *Fed. Civ. Pro. Before Trial Nat'l Ed.* 9:26-9:34 (Rutter Grp. 2017). Any one of these omissions will waive the defense.

The familiar plain meaning rule applies. Judges cannot "ignor[e] what the Rule provides in plain language. We accept the Rule as meaning what it says." *Schiavone v. Fortune*, 477 U.S. 21, 30 (1986); *see also* Scalia & Garner, *Reading Law: The Interpretation of Legal Texts* 54 (2012).

## III. Discussion

The movants concede that their Rule 12(c) motion for judgment on the pleadings did not contain a personal jurisdiction argument. They nevertheless maintain they can assert one now because "the waiver rules in Rule 12(g)(2) and 12(h)(1) apply only to a *pre*-answer motion that omits defenses."[2] Docket No. 132, at 4.

The problem with this argument is its complete lack of textual support. Rule 12(g)(2) does not say that the waiver rule applies only to defenses omitted from a pre-answer motion. Rule 12(g)(2) also does not cross-reference Rule 12(b) to suggest such a limitation. The drafters could have done that—inserted the words "pre-answer" or "Rule 12(b)"—but did not.[3] That choice is fatal to the movants' request.

---

[2] The movants' argument and supporting authorities may ultimately be grounded in an early version of Rule 12(g). The pre-1948 Rule allowed parties to file two successive motions to dismiss without risking waiver. *See* Wright et al. § 1384.

[3] The thorough review necessitated by these motions reveals the precision with which Rule 12 was drafted. When the drafters wanted to refer to a specific sub-section, they identified it by number and letter. To give a few examples, Rule 12(d) refers to "12(b)(6)" and "12(c)." Rule 12(h)(2) references "Rule 19(b)," "Rule 7(a)," and "Rule 12(c)." And Rule 12(i) references "Rule 12(b)(1)-(7)" and "Rule 12(c)." So it would have been simple to limit Rule 12(g)(2) to pre-answer motions made under "Rule 12(b)," if the drafters had desired to do so.

Rule 12(g)(2) actually says that available defenses are waived if not included in the first "motion under this rule." The plain meaning of the term "this rule" is Rule 12. It follows that the waiver standard articulated in Rule 12(g)(2) applies to available defenses omitted from any kind of Rule 12 motion, be it pre- or post-answer.

In other words, failure to include an available personal jurisdiction defense in a party's first Rule 12 motion, whether a Rule 12(b) motion to dismiss or a Rule 12(c) motion for judgment on the pleadings, waives the defense. *Accord Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., Colo.*, 771 F.3d 697, 701 (10th Cir. 2014) ("[U]nder Rule 12(h)(1), a party waives any of the defenses listed in Rule 12(b)(2)-(5) if they are omitted from a prior Rule 12 motion."); *Broussard v. Tex. Dep't of Criminal Justice*, No. H-04-1059, 2006 WL 1517532, at *8 (S.D. Tex. May 30, 2006) (finding personal jurisdiction defense waived when not raised in motion for judgment on the pleadings).[4]

The movants claim support from the 1966 Advisory Committee Note on Rule 12(g). When presented with a purported conflict between the Rule and the Advisory Committee Note, however, the Court must defer to the Rule. *See Schiavone*, 477 U.S. at 30. And it bears mention that the Note is not uniformly supportive of the movants' position; while the Note emphasizes that the purpose of Rule 12(g) is to "work[] against piecemeal consideration of a case," the movants' argument would, if accepted, *result* in piecemeal litigation.[5]

---

[4] The Seventh Circuit has explained that "[a]lthough Rule 12 describes the effect of such failure as 'waiver,' the actual result is forfeiture, which is the failure to make a timely assertion of a right before a tribunal competent to determine such right. Waiver, by contrast, is the 'intentional relinquishment or abandonment of a known right.'" *Swaim v. Moltan Co.*, 73 F.3d 711, 718 n.4 (7th Cir. 1996) (citations omitted); *see also United States v. Zuniga*, --- F.3d ---, 2017 WL 2562904, at *6 n.9 (5th Cir. June 14, 2017) (explaining distinction between waiver and forfeiture).

[5] The 1966 Advisory Committee Note to Rule 12(h) adds that the waivable defenses "are of such a character that they should not be delayed . . . ." The Court suspects that the Advisory Committee would not look favorably upon the years of delay in our case—much less the idea of a party affirmatively seeking judgment on its counterclaims before asserting a personal jurisdiction defense.

The movants then press that a Fifth Circuit decision, *Golden v. Cox Furniture Manufacturing Company*, is in their favor. 683 F.2d 115 (5th Cir. 1982). They accurately quote the *Golden* court's statement that a party wishing to raise a waivable defense "'must do so at the time he makes his first defensive move—whether it be a Rule 12 motion or a responsive pleading.'" *Id.* at 118 (quoting Wright & Miller). But this quote fails to account for Rule 12(g)(2)'s limitation on successive Rule 12 motion practice. The Court cannot adopt an interpretation that renders Rule 12(g)(2) superfluous.

*Golden*, meanwhile, flatly contradicts the movants' position when it states that "a party who makes a motion under rule 12, but who omits therefrom any defense or objection then available to him which (rule 12) permits to be raised by motion, may not thereafter make a motion based on the defense or objection so omitted." *Id.* (quotation marks and citation omitted). That is exactly what happened here. The case ultimately provides scant justification for the movants' sequencing.

The movants could have raised a personal jurisdiction defense in May 2009 when they filed their first Rule 12 motion. They chose not to. Under Rules 12(g)(2) and 12(h)(1)(A), that omission means they cannot assert a personal jurisdiction defense now.

## IV. Conclusion

The motions are denied.

**SO ORDERED**, this the 11th day of July, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE