**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

| | | |
|---|---|---|
| **THE STATE OF MISSISSIPPI, EX REL.** | * | |
| **JIM HOOD, ATTORNEY GENERAL** | * | |
| **FOR THE STATE OF MISSISSIPPI,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **V.** | * | No. 3:08-cv-780-CWR-LRA |
| | * | |
| **ENTERGY MISSISSIPPI, INC., ET AL.** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

**STATE OF MISSISSIPPI'S MEMORANDUM BRIEF IN SUPPORT OF ITS**
**URGENT AND NECESSITOUS MOTION TO QUASH SUBPOENA AND**
**NOTICE OF 30(b)(6) DEPOSITION OF BATES WHITE, LLC,**
**AND, ALTERNATIVELY, FOR PROTECTIVE ORDER**

Plaintiff Jim Hood, Attorney General for the State of Mississippi ("Plaintiff"), through undersigned counsel, submits this memorandum brief in support of its Urgent and Necessitous Motion to Quash Subpoena and Notice of 30(b)(6) Deposition of Bates White, LLC, and, Alternatively, for Protective Order ("Motion to Quash"), pursuant to Fed. R. Civ. P. Rule 26(c) and Local Rule 7(b)(8) as an urgent and necessitous matter, and respectfully moves this Court to issue an emergency order quashing the subpoena and notice of deposition (Doc. 215) issued for the Rule 30(b)(6) deposition of, and production of documents by, Bates White, LLC ("Bates White"), Plaintiff's expert witnesses' consulting firm (herein, collectively, the "30(b)(6) Deposition Notice"), and entering a Protective Order prohibiting the deposition, or alternatively, barring inquiry into certain irrelevant and/or privileged topics, and denying the production of documents as irrelevant to this matter. This motion is urgent as Defendants have noticed the

1

corporate representative deposition of Plaintiff's expert witnesses' consulting firm for April 24, 2018, without contacting Plaintiff or Plaintiff's expert witnesses' firm before-hand to determine whether Bates White could produce a witness(es) to appear at the deposition.

## PROCEDURAL BACKGROUND

Defendants issued the Notice of Rule 30(b)(6) Deposition to Bates White, LLC (including a request for documents) ("Notice of Deposition") (Doc. 215) on April 3, 2018, setting the deposition for April 24, 2018, without contacting either Plaintiff or Bates White regarding its availability to produce a witness(es) on April 24, 2018 to comply with the Notice of Deposition. Defendants subsequently issued a subpoena under Fed. R. Civ. P. Rule 45 to Bates White, a copy of which is attached to and made a part of the Motion to Quash as **Exhibit "A",** in conjunction with the Notice of Deposition, on April 9, 2018. To the best of undersigned counsel's knowledge, the subpoena was served on Bates White on April 10, 2018. The Notice of Deposition and subpoena, together, constitute the "30(b)(6) Deposition Notice". Bates White is not a party to this litigation.

Dr. DeRamus is a partner with Bates White, and Dr. Yang is a principal of Bates White. Both Dr. DeRamus and Dr. Yang are expert witnesses for Plaintiff in this matter. Defendants deposed Dr. DeRamus in this matter on February 23, 2018 and deposed Dr. Yang in this matter on February 22, 2018. *See* copies of the Notices of Deposition for Dr. DeRamus (Doc. 204) and Dr. Yang (Doc. 203), respectively. Dr. DeRamus and Dr. Yang were questioned regarding a publicly available report prepared by others at Bates White for the Mississippi Public Service Commission ("MPSC"), dated August 27, 2012 (the "2012 Bates White Report"), which report and related topics are the subject of the 30(b)(6) Deposition Notice.

**SUMMARY OF ARGUMENT**

The question before the Court is whether Defendants' 30(b)(6) Deposition Notice (and accompanying subpoena) should be quashed, considering that the prospective deponent, Bates White, is not a party to this proceeding and since two of its members, which serve as Plaintiff's expert witnesses in this matter, have previously and extensively been deposed by Defendants in this case. Alternatively, and should this Court decline to quash the 30(b)(6) Deposition Notice, the issue before the Court is whether a Protective Order should issue to prevent inquiry into irrelevant and/or privileged matters during any deposition of Bates White in this matter. While the right to discovery is broad, the current 30(b)(6) Deposition Notice should be quashed, because it would impose undue burden on Plaintiff and Plaintiff's expert witnesses' consulting firm (which firm is not a party to this proceeding), only to delve into matters which Defendants had full and fair opportunity to discover during the depositions of Dr. DeRamus and Dr. Yang in this case.

**I.      DEFENDANTS HAVE PREVIOUSLY DEPOSED DR. DERAMUS AND DR. YANG, OF BATES WHITE, IN THIS CASE, THEREFORE THE 30(b)(6) DEPOSITION NOTICE CONSTITUTES AN ABUSE OF DISCOVERY AND HARASSMENT**

The 30(b)(6) Deposition Notice violates the "one deposition per witness" rule. *See* Fed. R. Civ. P. Rule 30(a)(2)(A)(ii) (requiring leave of court to depose a witness that has already been deposed in the case). Dr. DeRamus is a partner, and Dr. Yang is a principal, of Bates White. Dr. DeRamus and Dr. Yang are expert witnesses for Plaintiff in this matter. Defendants deposed Dr. DeRamus and Dr. Yang, extensively, in this matter on February 23, 2018 and February 22, 2018, respectively. *See* Notices of Deposition for Dr. DeRamus (Doc. 204) and Dr. Yang (Doc. 203). Defendants have not moved for leave of Court to depose either Dr. DeRamus or Dr. Yang again. The attempt to depose their firm is an attempt to do an end run around this rule.

The topic of the 30(b)(6) Deposition Notice, served with the subpoena on Bates White, is the 2012 Bates White Report. The full title of the 2012 Bates White Report is the "Revised Report to the Mississippi Public Service Commission on the Evaluation of the Entergy Mississippi, Inc. Proposal to Join MISO in Docket No. 2011-UA-376". The 2012 Bates White Report examined certain relative costs and benefits of Entergy Mississippi, Inc. ("EMI"), a Defendant herein, joining the Midcontinent Independent System Operator, Inc. ("MISO"). MISO is a Regional Transmission Organization. EMI and the other Entergy Operating Companies joined MISO on December 19, 2013. The 2012 Bates White Report was not prepared by either Dr. DeRamus or Dr. Yang.

Both Dr. DeRamus and Dr. Yang were questioned by Defendants during their depositions regarding the 2012 Bates White Report.[1] These witnesses were shown copies of the report, which was made an exhibit to Dr. Yang's deposition. Dr. DeRamus had no involvement in the 2012 Bates White Report,[2] and Dr. Yang testified he had very limited involvement in the report.[3] Regardless of their limited involvement with the 2012 Bates White Report, Defendants nevertheless had the full and fair opportunity to examine Plaintiff's experts as to any inconsistencies in their expert reports in this matter and the 2012 Bates White Report, the general subject matter of the 2012 Bates White Report, and the findings of the 2012 Bates White Report. Defendants questioned Dr. Yang in detail regarding the report.[4] Examination of Bates White, *itself*, regarding the 2012 Bates White report will constitute nothing more than repetitive questioning regarding the same document and will

---

[1] *See* excerpts of Dr. DeRamus' deposition, attached to and made a part of Plaintiff's Motion to Quash, as Exhibit "B", and excerpts of Dr. Yang's deposition, attached to and made a part of Plaintiff's Motion to Quash, as Exhibit "C".

[2] *See* Exhibit "B", excerpts of Dr. DeRamus' deposition, at p. 138, l. 16 - p. 139, l. 3. (Dr. DeRamus testified he knew of the report but was not involved with its development and had never read the report.).

[3] *See* Exhibit "C", excerpts of Dr. Yang's deposition, at p. 23, ll. 16-24. (Dr. Yang testified he vaguely recalled making some contribution on the report but could not recall the full extent of his contribution to the report.). *See id*., p. 162, l. 18 – p. 163, l. 20. (Dr. Yang explained that his "participation is *de minimus*, probably most likely answering questions, and it was very short." Dr. Yang also testified he did not write any part of the report and had not read the report.)

[4] *See id*., p. 163, l. 21 – p. 165, l. 4.

reveal nothing new relative to Dr. DeRamus' or Dr. Yang's involvement with, or opinions related to, such report.

Further, the documents described in the 30(b)(6) Deposition Notice reveal that Defendants wish to depose Bates White regarding other, related reports and presentations concerning the subject matter of the 2012 Bates White Report and which apparently pre-dated such report.[5] The remaining documents about which Defendants wish to question Bates White are invoices for worked ostensibly performed for the MPSC in connection with the 2012 Bates White Report.[6] Defendants had the full and fair opportunity to question Dr. DeRamus and Dr. Yang regarding any and all of these documents during their depositions in this matter. Defendants should not now be given a second bite at the apple by allowing them to drag Plaintiff's expert witnesses' consulting firm, a non-party in this case, into this litigation and depose it on matters regarding which Defendants either have or could have questioned Dr. DeRamus and/or Dr. Yang.

As the Official Comments to Rule 26 make clear,

> The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). *Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose the facts and illuminate the issues by overuse of discovery or unnecessary use of defensive weapons or evasive responses.* All of this results in excessively costly and time-consuming activities that are disproportionate to the nature of the case, the amount involved, or the issues or values at stake.
>
> Fed. R. Civ. P. 26 (Official Comments to 1983 Amendment) (Emphasis added); *see also Batson v. Neal Spelce Assocs., Inc.*, 112 F.R.D. 632, 642 (W.D. Tex.), *aff'd*, 805 F.2d 546 (5th Cir. 1986).

Defendants should not be permitted to create undue burden or unnecessary expense for Plaintiff and Bates White (a non-party) by conducting the 30(b)(6) deposition when they had the

---

[5] *See* Exhibit A to the 30(b)(6) Deposition Notice (Doc. 215-1), Definitions B., C., and D.
[6] *See id.*, Definitions E., F., and G.

opportunity to – and did – question the relevant members of Bates White regarding the topics and documents at issue in the 30(b)(6) Deposition Notice. The 30(b)(6) Deposition Notice is nothing more than the use of a "discovery tool as [a] tactical weapon[] rather than to expose the facts and illuminate the issues." The Court should quash the 30(b)(6) Deposition Notice and prohibit the deposition of Bates White and denying the production of requested documents.

**II.  THE 30(b)(6) DEPOSITION, IF ALLOWED, SHOULD BE LIMITED TO FACTUAL MATTERS AND NOT MATTERS COVERED BY THE ATTORNEY-CLIENT PRIVILEGE, ATTORNEY WORK PRODUCT DOCTRINE AND/OR DELIBERATIVE PROCESS PRIVILEGE**

The 2012 Bates White Report and associated reports, presentations and invoices about which Defendants wish to depose Bates White were prepared in connection with a consulting assignment for the MPSC. Much of the material and communications between Bates White and the MPSC are covered by the the attorney-client privilege and/or deliberative process privilege. *See* F.R.E. Rule 501, *et seq.* Further, written materials exchanged between Bates White and the MPSC are covered by the attorney work product doctrine. *See id.* As such, many of the materials (other than publicly-available documents or presentations) generated in connection with Bates White's work for the MPSC concerning whether EMI should join MISO are privileged. The privilege is held by the MPSC, and Bates White cannot waive such privilege without the MPSC's approval and consent.

The work Bates White performed for the MPSC regarding whether EMI should join MISO is also covered by the deliberative process privilege. The deliberative process privilege protects documents or other communications that are "predecisional and deliberative, prepared to 'assist an agency decision maker in arriving at his decision.'" *Renegotiation Board v. Grumman Aircraft Eng'g Corp.,* 421 U.S. 168, 184 (1975). *E.E.O.C. v. v. Reed Pierce's Sportsman's Grille, LLC,* No. 3:10-cv-541-WHB-LRA, 2012 WL 3150272, at *1 (S.D. Miss. Aug. 1, 2012). The

publicly-available documents related to Bates White's work for the MPSC speak for themselves. Discussions, deliberations and other predecisional communications and written works between Bates White and the MPSC regarding the MPSC's decision whether to approve EMI's membership in MISO are covered and protected by the deliberative process privilege. Based on the privileged nature of the communications and written documents that are the subject of the 30(b)(6) Deposition Notice, this Court should quash the 30(b)(6) Deposition Notice.

III.  **CERTAIN DOCUMENTS LISTED IN THE 30(b)(6) DEPOSITION NOTICE ARE COMPLETELY IRRELEVANT**

Further, Bates White's invoices to the MPSC for work performed are completely irrelevant to any issues presented by Plaintiff's complaint or first amended complaint in this proceeding. Likewise, the amount that Bates White was compensated for its work for the MPSC in connection with a different matter, the 2012 Bates White Report, is utterly irrelevant to the issues in this case. The desire to question Bates White concerning compensation can only be intended to harass and cause undue burden for this non-party. The Court should quash the 30(b)(6) Deposition Notice prohibiting the deposition of Bates White. Moreover, to the extent such invoices reflect work done by Bates White for MPSC, those documents also may contain privileged information.

IV.  **THE COURT SHOULD GRANT A PROTECTIVE ORDER PROHIBITING THE DEPOSITION OF BATES WHITE, OR, ALTERNATIVELY, PREVENTING INQUIRY INTO CERTAIN AREAS**

The Court should, in connection with its order quashing the 30(b)(6) Deposition Notice, issue a Protective Order protecting Bates White against the harassment and undue burden of a corporate deposition in this matter. In the event the Court declines to quash the subpoena and deposition notice, Plaintiff moves for a Protective Order prohibiting Defendants from inquiring into any privileged or irrelevant matters, as discussed above. In determining whether to issue a

7

protective order, the "potential harm to the affected party" is balanced against the requesting party's need for the information. *Guitierrez v. Benavides*, 292 F.R.D. 401, 403 (S.D. Tex. 2013). Fed. R. Civ. P. 26(c)(1) provides that a party from whom discovery is sought may move for a protective order to protect that party "from annoyance, embarrassment, oppression, or undue burden or expense," including one or more of the following:

> (A) forbidding the disclosure or discovery:
> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> (E) designating the persons who may be present while the discovery is conducted: …

Fed. R. Civ. P. 26(c)(1). Plaintiff respectfully requests a protective order pursuant to Fed. R. Civ. P. 26(c)(1) prohibiting the 30(b)(6) deposition of Bates White to protect it and Plaintiff from harassment and undue burden. Alternatively, Plaintiff requests the Court to issue a protective order forbidding inquiry into any areas covered by the attorney-client privilege, attorney work product doctrine and/or the deliberative process privilege.

## CONCLUSION

Based upon the facts and the law set forth in above, Plaintiff respectfully requests the Court grant its Motion to Quash the subpoena for the 30(b)(6) deposition of Bates White and the associated notice of deposition (the 30(b)(6) Deposition Notice), and enter a Protective Order prohibiting the deposition of, and production of documents by, Bates White in this matter. In the alternative, and only in the event this Court declines to quash the 30(b)(6) Deposition Notice, Plaintiff requests the Court to enter a Protective Order prohibiting inquiry during any deposition of Bates White into certain irrelevant and/or privileged matters as discussed above.

Respectfully submitted, this 10th day of April, 2018.

**STATE OF MISSISSIPPI, ex rel**
**JIM HOOD, ATTORNEY GENERAL**

**By:** JIM HOOD, ATTORNEY GENERAL
STATE OF MISSISSIPPI

/s/ VINCENT F. KILBORN, III
**Vincent F. Kilborn, III, Esq. (MSB #103028)**
**David A. McDonald, Esq. (MSB #103027)**
KILBORN, ROEBUCK & McDONALD
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747
*Counsel for Plaintiff*

/s/ LUKE F. PIONTEK
**J. Kenton Parsons (La. Bar No. 10377)**
**Luke F. Piontek (La. Bar No. 19979)**
**Andre G. Bourgeois (La. Bar No. 19298)**
**Shelley Ann McGlathery (La. Bar No. 32585)**
*Pro Hac Vice*
**ROEDEL PARSONS KOCH BLACHE**
**BALHOFF & McCOLLISTER**
A Law Corporation
8440 Jefferson Highway, Suite 301
Baton Rouge, Louisiana 70809
Telephone: (225) 929-7033
Facsimile: (225) 928-4925

**Harold E. Pizzetta, III**, MSB No. 99867
**Assistant Attorney General** Office of the Attorney
General P. O. Box 220
Jackson, Mississippi 39225-2947
Telephone: (601) 359-4230
Facsimile: (601) 359-4231
*Counsel for Plaintiff*

9

## CERTIFICATE OF SERVICE

I, Luke F. Piontek, Attorney for the State of Mississippi, do hereby certify that on April 10, 2018, I caused to be electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

James L. Robertson, Esq.
Charles E. Ross, Esq.
Rebecca W. Hawkins, Esq.
Wise, Carter, Child & Caraway, PA
Post Office Box 651
Jackson, Mississippi 39205

John A. Braymer, Esq.
Associate General Counsel
Entergy Services, Inc.
639 Loyola Avenue, #2600
New Orleans, LA 70133

Roy D. Campbell, III
J. William Manuel
Alicia N. Netterville
Bradley Arant Boult Cummings, LLP
One Jackson Place, Suite 400
188 East Capitol Street
Post Office Box 1789
Jackson, MS 39215-1789

Tianna H. Raby, Esq.
Christopher R. Shaw, Esq.
Entergy Mississippi, Inc.
308 E. Pearl Street, Suite 700 (39201)
Mail Unit M-ELEC-4A
P.O. Box 1640
Jackson, Mississippi 39215-1640

This the 10th day of April, 2018.

/s/ LUKE F. PIONTEK
LUKE F. PIONTEK
(La. Bar. #19979)