# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| THE STATE OF MISSISSIPPI EX REL.<br>JIM HOOD, ATTORNEY GENERAL<br>FOR THE STATE OF MISSISSIPPI,<br><br>Plaintiff-Counterclaim Defendant,<br><br>v.<br><br>ENTERGY MISSISSIPPI, INC., ENTERGY<br>CORPORATION, ENTERGY SERVICES, INC.,<br>AND ENTERGY POWER, INC.,<br><br>Defendants-Counterclaim Plaintiffs. | No. 3:08-CV-780-CWR-LRA |

## DEFENDANTS' COURT ORDERED BRIEFING ON DISCOVERY OF LOBBYING ACTIVITIES

## INTRODUCTION

At the conclusion of the Telephonic Discovery Conference held on Defendants' objections to five topics of Plaintiff's 30(b)(6) Notices, (Docs. 225 and 226), the Court ordered the parties to submit simultaneous briefing on Topic III.5: Drafting and lobbying efforts regarding SB 2295.[1] As is evident from the authorities cited below, Defendants are entitled to a Protective Order with respect to this Topic.

Plaintiff seeks to depose Entergy Corporation, and Entergy Mississippi, Inc. ("EMI") on the topic of "[d]rafting and lobbying efforts regarding SB 2295." *Id.* Defendants object

---

[1] SB 2295 was enacted in part to clarify the exclusive jurisdiction of the Mississippi Public Service Commission.

to this topic on the grounds that it is not relevant to any of Plaintiff's claims, it is not proportional to the needs of this case, and it is protected by Defendants' First Amendment right to petition the government and the Noerr-Pennington Doctrine. Even if the Defendants' conduct met an exception to the Noerr-Pennington Doctrine, a claim based on lobbying activities in the most recent legislative session would be new and separate from the allegations in the Amended Complaint. Since the time to amend has passed, discovery on a non-existing claim cannot be allowed here. Should the Court find the information is discoverable, Plaintiff's request that Defendants present a representative to testify to the same is duplicative and cumulative.

Because Defendants' petitioning of the government cannot serve as a basis of liability and the Plaintiff itself also engaged in petitioning the government as it related to Senate Bill 2295, Defendants request this Court to enter a Protective Order on this topic as Plaintiff's request serves no other purpose than an annoyance, oppression, and to lay upon Defendants the undue burden and expense of making available a representative to testify on a topic that is wholly irrelevant to any of Plaintiff's claims against Defendants.

## **ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 26(b)(1),

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 26(c), however, permits a party to seek a protective order to "protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* Specifically, the rule allows a party to request that: (1) the discovery not be had; (2) the discovery be

had only on specified terms and conditions; and (3) certain matters not be inquired into, or that the scope of the discovery be limited to certain matters. *Id.* at (c)(1)(A), (B), (D). "'A trial court enjoys wide discretion in determining the scope and effect of discovery . . . .'" *Sanders v. Shell Oil Co.*, 678 F.2d 614, 618 (5th Cir. 1982).

The Fifth Circuit has recognized that, while "[f]ull and complete discovery should be practiced and allowed . . . its processes must be kept within workable bounds on a proper and logical basis for the determination of the relevancy of that which is sought to be discovered." *Jones v. Metzger Dairies, Inc.*, 334 F.2d 919, 926 (5th Cir. 1964). "Discovery is not justified when cost and inconvenience will be its sole result." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990). The party seeking to compel discovery has the burden of demonstrating clearly that information sought is relevant to the case. *Jane Does 1-4, 6 & 7 v. Rust Coll.*, No. 3:13-CV-220-NBB-SAA, 2015 WL 3514368, at *1 (N.D. Miss. June 4, 2015); *see also Baptist Health v. BancorpSouth Ins. Servs., Inc.*, 270 F.R.D. 268, 272 (N.D. Miss. 2010) (holding "[w]here relevance is at issue, the burden is on the moving party to show the materials and information sought are relevant to a claim or defense . . ..").

**I.  The information sought by Plaintiff is irrelevant and not proportional to the needs of this case.**

Plaintiff seeks to depose Entergy Corporation and EMI on the topic of "Drafting and lobbying efforts regarding SB 2295." This topic seeks information outside the scope of Fed. R. Civ. P. (26)(b)(1) as it is not aimed at discovery of information relevant to any party's claim or defense. Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the

action." Fed. R. Evid. 401. Any evidence that Defendants have exercised their constitutional right to petition the government is irrelevant to Plaintiff's claims because it cannot serve as a basis for liability. In this case, it is hard to conceive of any fact that is of consequence to the determination of this action that would be made more or less probable by Defendants and Plaintiff having exercised their right to petition the government. Any and all "lobbying" activity undertaken by the Defendants with regard to SB 2295 happened in 2018---long after the 1998-2008 period for which Plaintiff's initial disclosures seek damages, and also after the 1993-2013 period that Plaintiff has agreed is the period of Defendants' relevant conduct. The Plaintiff's original and amended complaints filed in this action make no allegations about lobbying activity of the Defendants either within the period 1993-2013 or after.

Defendants' constitutionally protected conduct has no bearing on Plaintiff's allegations that Defendant's violated any Mississippi statutory or common laws. Plaintiff has not offered any explanation to the contrary. *See* Miss. R. Civ. P. 26(d); *Rigsby v. State Farm Ins. Co.*, No. 1:06CV433-LTS-RHW, 2010 WL 11428405 (S.D. Miss. Feb. 12, 2010) (granting a protective order in regards to discovery requests that exceeded the scope of plaintiff's claim); *see also Bradley v. Lockheed Martin Corp.*, No. 4:04CV125LR, 2006 WL 7090889 (S.D. Miss. July 10, 2006); *Solis v. Bruister*, No. 4:10-CV-77-DPJ-FKB, 2012 WL 12829683 (S.D. Miss. Dec. 26, 2012). Defendants acknowledge that their lobbying activities are wholly unrelated to any of their defenses (just as the Plaintiff's own lobbying activities with respect to the same legislation bear no relation to their claims). Rather, the law (SB 2295) itself is relevant to Defendants' defenses. Plaintiff will argue that, because Defendants will use SB 2295 to support one or more of their defenses, that

4

somehow makes the activities surrounding the passage of SB 2295 relevant. This is simply not so.

II. **Defendant's act of petitioning the government is protected by the First Amendment to the United States Constitution.**

The First Amendment to the United States Constitution, as by the Fourteenth Amendment, forbids any law "abridging the . . . right of the people . . . to petition the Government for a redress of grievances." U.S. Const. Amend I. The right to petition the government extends to corporations, like Defendants, as well as individuals. *See First Nat'l Bank of Boston v. Bellotti*, 435 U.S. 765, 780 (1978). That First Amendment right includes petitioning a government agency in the process of rule-making. This right cannot be abridged by state action, including "application of state rules of law by . . . state courts." *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 916 n.51 (1982) (citing *New York Times Co. v Sullivan*, 376 U.S. 254, 265 (1964)). Accordingly, a state's substantive law may not call for compensation for the consequences of activity protected by the First Amendment. *Id.* at 918. If a damages award is based on activity protected by the First Amendment, it cannot withstand constitutional scrutiny. *See id.* at 921-24.

III. **Defendants' lobbying activities are further protected under the Noerr-Pennington Doctrine.**

During the telephonic discovery conference with the Court, Plaintiff's counsel mentioned the Noerr-Pennington doctrine as support for Plaintiff's request to engage in discovery on Defendants' involvement with the passage of SB 2295. However, the Noerr-Pennington doctrine actually stands for the proposition that a corporation's actions in petitioning the government are completely protected and <u>cannot</u> serve as a basis for liability, except in extremely limited circumstances not present here. Noerr-Pennington

immunity applies to any "concerted effort to sway public officials," regardless of the actor's intent. *Bayou Fleet, Inc. v. Alexander*, 234 F.3d 852, 859 (5th Cir. 2000). The Fifth Circuit has also specifically stated that the Noerr-Pennington immunity must apply even where a plaintiff alleges that the lobbying activity was undertaken in retaliation to other actions, like a lawsuit. *Id.* at 862.

The **only** way lobbying activities can be used as a basis for any liability is if a defendant's lobbying activities were "objectively baseless." *Id.* at 862. The Fifth Circuit has made clear that, if the lobbying activity achieves favorable results—*i.e.*, if the bill is passed into law—the lobbying endeavors are "by definition, reasonable" and not objectively baseless. *Id.* Therefore, the limited exception to immunity does not apply.

In the case at bar, any lobbying activity by Defendants fits clearly within Noerr-Pennington immunity. That SB 2295 was passed into law is proof, by definition, that the lobbying endeavors were reasonable and not objectively baseless. Therefore, those activities cannot be used to impose liability and are irrelevant and not proportional to the needs of the case. Accordingly, the Court should grant a protective order.

Even if Defendants' conduct was not clearly within the bounds of the Noerr-Pennington immunity, the Amended Complaint and all of Plaintiff's disclosures are devoid of any claim based upon any lobbying activity. The discovery deadline is a week away, and the time for amendments of pleadings has long passed. Therefore, even if there was a valid basis for such a claim, it cannot be brought in the current lawsuit, and any discovery directed toward lobbying is not proportional to the needs of the case in its current posture. For these reasons, in the alternative, Defendants' objection must be granted.

## IV. In the Alternative, the Defendants designate portions of Haley Fisackerly's deposition testimony as responsive to Topic III.5.

Without waiving their objections above, if the Court deems this topic to be within the scope of discovery, Defendants request that sections of Haley Fisackerly's deposition taken on April 16, 2018, be deemed responsive to Plaintiff's topic on Defendants' lobbying activities related to SB 2295. *See* excerpts attached hereto as Exhibit A, Fisackerly Depo, at 135-143. Mr. Fisackerly was questioned about EMI's involvement in the legislative process surrounding passage of SB 2295. *Id.* Mr. Fisackerly specifically identified Entergy Mississippi as the entity for which his testimony was being offered, Fisackerly Depo. at 137:17-20, and provided substantive responses to Plaintiff's detailed inquiries. To seek information beyond these responses would be duplicative, burdensome and harassing.

## CONCLUSION

Like many citizens in any number of legislative proceedings, Entergy Mississippi and Plaintiff exercised their right to petition the government as it relates to SB 2295. *See, e.g., National Cottonseed Products Ass'n v. Brock*, 825 F.2d 482 (D.C. Cir. 1987). Because the information sought by Plaintiff is irrelevant, is not proportional to the needs of this case, and is protected by the First Amendment to the Constitution and the Noerr-Pennington Doctrine, Plaintiff's request for information regarding Defendants' lobbying efforts serve no other purpose than to harass and annoy. Therefore, Defendants' respectfully request the Court to enter a Protective Order on Topic III.5.

RESPECTFULLY SUBMITTED, this the 7th day of May, 2018.

ENTERGY MISSISSIPPI, INC.,
ENTERGY CORPORATION, ENTERGY
SERVICES, INC. AND ENTERGY

POWER, INC., Defendants

By /s/ Roy D. Campbell
    Roy D. Campbell, III (MSB 5562)
    J. William Manuel (MSB 9891)
    Alicia N. Netterville (MSB 105055)

BRADLEY ARANT BOULT
CUMMINGS LLP
One Jackson Place
188 East Capitol Street, Suite 400
P.O. Box 1789
Jackson, MS 39215-1789
Telephone: (601) 948-8000
Facsimile: (601) 948-3000
rcampbell@bradley.com
wmanuel@bradley.com
anetterville@bradley.com

James L. Robertson (MSB 5612)
Charles E. Ross (MSB 5683)
Rebecca Hawkins (MSB 8786)
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, MS 39205-0651
(601) 968-5534 – Telephone
(601) 944-7738 – Facsimile
jlr@wisecarter.com
cer@wisecarter.com
rwh@wisecarter.com

OF COUNSEL:

Tianna H. Raby, MSB #100256
Christopher R. Shaw, MSB #100393
ENTERGY MISSISSIPPI, INC.
308 E. Pearl Street, Suite 700 (39201)
Mail Unit M-ELEC-4A
P.O. Box 1640
Jackson, MS 39215-1640
(601) 969-2656 – Telephone
(601) 969-2696 – Facsimile
traby@entergy.com
cshaw4@entergy.com

John A. Braymer, *Pro Hac Vice*
Associate General Counsel
ENTERGY SERVICES, INC.
639 Loyola Avenue, Suite 2600
New Orleans, LA  70133
jbrayme@entergy.com

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which will send information of such filing to all counsel of record.

This 7th day of May, 2018.

                                                 /s/Roy D. Campbell
                                                 OF COUNSEL