UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| **THE STATE OF MISSISSIPPI,** *EX REL.,* **JIM HOOD, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI** | NO. 3:08-cv-780-CWR-LRA |
| **Plaintiff** | |
| v. | *Removed from:* *Chancery Court Hinds County MS* CASE NO. <u>G 2008-2086</u> |
| **ENTERGY MISSISSIPPI, INC., ENTERGY CORPORATION, ENTERGY SERVICES, INC., ENTERGY POWER, INC.,** *et al.* | |
| **Defendants** | |

### STATE OF MISSISSIPPI'S MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO DEFENDANTS' REQUEST FOR A PROTECTIVE ORDER ON 30(b)(6) TOPIC III.5 REGARDING DRAFTING AND LOBBYING EFFORTS

NOW INTO COURT, through undersigned counsel, comes Jim Hood, the Attorney General for the State of Mississippi (the "State"), to submit this Memorandum in Support of its Opposition to Defendants' Request for a Protective Order on the 30(b)(6) Topic III.5 Regarding Drafting and Lobbying Efforts. On May 3, 2018, the Court held a Telephonic Discovery Conference to address Defendants' objections to five of the 30(b)(6) topics for the depositions of Defendants Entergy Corporation ("ETR") and Entergy Mississippi, Inc. ("EMI"). As set forth in the Order signed on May 4, 2018, the Court ruled on four of the five objections, but ordered further briefing on Topic III.5, the drafting and lobbying efforts regarding SB 2295. For the

1

reasons that follow, the State respectfully submits that Defendants' request for a protective order from this Court quashing or limiting the upcoming 30(b)(6) depositions of Entergy Corporation ("ETR") and Entergy Mississippi, Inc. ("EMI") as to any questions regarding Topic III.5. concerning the drafting and lobbying efforts regarding SB 2295, be denied.

2018 Miss. Laws S.B. 2295 passed the Senate in the 2018 Regular Legislative Session. S.B. 2295 amended and reenacted portions of Section 77 of the Mississippi Code of 1972, specifically, Miss Code. Ann. §§77-1-43, 77-3-5. On March 26, 2018, Defendants filed a Motion for Enlargement of Page Limitation (Doc. 211), and requested this Court grant them a total of 90 pages for memorandum briefs in support of their anticipated motions for summary judgment. In their Motion for Enlargement Defendants explained that although the Court had previously enlarged the 35-page limit to 60 pages, it still needed an additional 30 pages to support its anticipated motions for summary judgment. Defendants argued the reason they needed an additional 30 pages was "to allow for discussions of relevant new evidence and a recently amended statute (Miss. Code. Ann. §§ 77-1-43, 77-3-5 (as amended; 2018 Miss. Laws S.B. 2295)), and that thirty (30) pages are needed for the new arguments based on state law." (Doc. 211, ¶4) Defendants argued that this was one of the "critically important issues" they needed to present in their motions. (Doc. 211, ¶5) On April 30, 2018, the Court issued an Order granting in part and denying in part Defendants' Motion for Enlargement. (Doc 228) The Court granted Defendants an additional 15 pages (and also granted Plaintiff the same allocation) to brief the issues concerning SB 2295. (Doc. 228)

On March 16, 2018, Plaintiff took the discovery deposition of Haley Fisackerly ("Fisackerly"), the President and CEO of EMI. During that deposition, Fisackerly testified that EMI believed SB 2295 would have a retroactive effect and directly impact this case. Defendants'

position is something the Court is already aware of. As this Court stated in its April 30, 2018 Order on Defendants' Motion for Enlargement, SB 2295 is "[a] new Mississippi law [that] purports to clarify the Attorney General's ability to carry on with this suit." (Doc. 228)

FRCP Rule 26 sets forth the general provisions governing discovery, and Rule 26(b)(1) sets forth the scope of discovery in general:

> (1) *Scope in General*. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of this discovery need not be admissible in evidence to be discoverable.

Defendants themselves, have admitted that SB 2295 is relevant and, in fact, they allege it is a "critically important issue". Defendants plan to craft and brief an argument before this Court that will presumably request to dismiss most, if not all, of Plaintiff's claims set forth in the Complaint because of the passage of SB 2295. Plaintiff denies that SB 2295 has any impact, much less a negative impact, on this case. Therefore, discovery regarding SB 2295, including discovery concerning any drafting and lobbying efforts by Defendants regarding SB 2295, is highly relevant to Defendants' defenses and proportional to the needs of this case. If Defendants intend to use SB 2295 in an attempt to defeat a portion, or all, of Plaintiff's claims, then discovery regarding this defense is very important to the issues at stake in the action, and particularly important to resolve the anticipated motion for summary judgment issues surrounding SB 2295. Plaintiff has alleged damages in excess of $1 billion, so the amount in controversy is high. Finally, Plaintiff is hard pressed to believe that there could be any burden or expense associated with Defendants producing a representative at the upcoming 30(b)(6)

depositions of ETR and EMI to testify concerning the drafting and lobbying efforts regarding SB 2995 that would outweigh the likely benefit of any testimony and/or other discovery that would aid Plaintiff in drafting its Opposition to Defendants' anticipated motion for summary judgment on this issue. The drafting and lobbying efforts expended on behalf of Defendants regarding SB 2295 is relevant information that Plaintiff does not have access to without obtaining it from Defendants, which Plaintiff wishes to do through the upcoming 30(b)(6) depositions of ETR and EMI. Plaintiff also sought all communications, documents, data and analyses pertaining to the drafting, lobbying, support and/or passage of SB 2295 (2018 Session of the Mississippi Legislature) when it served, via email, Plaintiff's Third Set of Requests for Production of Documents, Fourth Set of Interrogatories and First Set of Requests for Admission, and filed a corresponding Notice of Service of Discovery on April 13, 2018.

So, at a minimum, information concerning the drafting and lobbying efforts regarding SB 2295 is discoverable and Defendants should not be able to quash or limit discovery regarding on this issue at the 30(b)(6) depositions of ETR and EMI.

But, further, the information sought will also be relevant, admissible evidence. Federal courts have previously considered whether lobbying efforts were admissible evidence and have found that when lobbying efforts are used to show intent, motive, and state of mind they are admissible. *See In re Tylenol (Acetaminophen) Marketing, Sales Practices and Products Liability Litigation*, 181 F.Supp.3d 278 (E.D.Pa. 2016) (*Noerr-Pennington* doctrine did not preclude admissibility of evidence or argument regarding drug manufacturers' lobbying efforts when evidence of such efforts was to show knowledge, state of mind and intent); *see also U.S. v. Safavian*, 435 F.Supp.2d 36 (D. D.C. 2006) (emails from lobbyist to defendant admissible to show intent, motive, or state of mind).

Like the Entergy Defendants here, the defendants in *In re Tylenol (Acetaminophen) Marketing, Sales Practices and Products Liability Litigation*, sought to exclude any evidence or argument regarding their lobbying efforts. In that case, the defendants argued that the evidence was barred by the *Noerr-Pennington* doctrine and violated their First Amendment rights to petition the government. Those defendants also argued such evidence should be precluded under Rules 401 and 403. The court found that in that case that the plaintiff was not seeking to restrain the defendants' speech or enjoin the defendants' conduct towards the government, nor was the plaintiff seeking civil liability for the defendants' lobbying efforts, but instead was seeking to "offer evidence about how the defendants attempted to influence, petition, or communicate with Congress and/or the FDA to show their knowledge, state or mind, or intent."[1] "It would be a stretch to say that *Noerr-Pennington* bars any use of any evidence of the defendants' petitioning of the government, and its agencies, or evidence of any communications with the FDA."[2]

In *U.S. v. Safavian*, the court held that emails from a lobbyist to the defendant were not hearsay, and therefore admissible, because they were not offered to prove their truth, but rather were offered as evidence of the defendant's intent, motive, and state of mind:

> Lobbying is conducted through words. Lobbyists seek to influence persons in government to act favorably toward their clients. Whether the lobbyist is seeking favors for his client through oral or written communication, it is necessarily communication that constitutes the work…
>  ….
>
> Finally, the government has offered a number of e-mails as non-hearsay on the theory that they go to the defendant's intent, motive, or state of mind, help to explain his future conduct, and serve to refute any possibility of mistake or misunderstanding. The Court agrees that many of the e-mails are admissible because they might help to explain Mr. Safavian's motive and intent at the time he undertook certain actions or, arguably, when he made his representations

---

[1] *See In re Tylenol (Acetaminophen) Marketing, Sales Practices and Liability Litigation*, 181 F.Supp.3d at 305-06.
[2] *Id.*, at 306, *citing Wolfe v. McNeil-PPC, Inc.,* No. 07-348, 2012 WL 38694, at *6 (E.D.Pa. Jan. 9, 2012) and *In re Brand Name Prescription Drugs Antitrust Litig.*, 186 F.3d 781, 789 (7th Cir. 1999).

during the investigations by the GSA's Office of Inspector General and the Senate Committee on Indian Affairs.[3]

Evidence of Defendants' drafting and lobbying efforts regarding SB 2295 would be admissible in court to show knowledge, intent, motive, and state of mind regarding Defendants' actions which are the subject of this case. It logically follows that Plaintiff should be afforded the opportunity to discover such admissible evidence concerning SB 2295, an issue that Defendants themselves have classified as a "critically important issue". To deny Plaintiff such an opportunity would unfairly prejudice Plaintiff's right to defend its case.

Here, Plaintiff intends to use information regarding the drafting and lobbying of SB 2295 to show that Defendants' intent and motive regarding its past actions that are the subject of this case, including, but not limited to, Defendants' conduct violating the Consumer Protection Act, was evident in its drafting and lobbying efforts regarding SB 2295, through which Defendants seek to preclude review by this Court of such conduct. Further, discovery will show that their intent was to pass a bill that would have a retroactive effect that would allegedly be directly applicable to Plaintiff's Complaint and Defendants' anticipated motion for summary judgment requesting dismissal of the majority of, if not all, of Plaintiff's claims.

WHEREFORE, for the reasons set forth herein, Plaintiff urges This Honorable Court to reject Defendants' request seeking a protective order quashing or limiting the Topic III.5 on Exhibit "A" to the Notices and Amended Notices of 30(b)(6) Depositions of Entergy Corporation and Entergy, Mississippi, Inc. (Docs. 225-1, 226-1, 230-1 and 231-1) and requests the Court enter an order granting Plaintiff the ability to depose the representatives for these 30(b)(6) depositions on the drafting and lobbying efforts regarding SB 2295.

---

[3] *U.S. v. Safavian*, 435 F.Supp.2d at 44-45.

Respectfully submitted, this 7th day of May, 2018.

                **STATE OF MISSISSIPPI, ex rel**
                **JIM HOOD, ATTORNEY GENERAL**

    **By:** JIM HOOD, ATTORNEY GENERAL
        STATE OF MISSISSIPPI

        <u>/s/ VINCENT F. KILBORN, III</u>
        **Vincent F. Kilborn, III, Esq. (MSB #103028)**
        **David A. McDonald, Esq. (MSB #103027)**
        KILBORN, ROEBUCK & McDONALD
        Post Office Box 66710
        Mobile, Alabama 36660
        Telephone: (251) 479-9010
        Fax: (251) 479-6747
        *Counsel for Plaintiff*

        <u>/s/ LUKE F. PIONTEK</u>
        **J. Kenton Parsons (La. Bar No. 10377)**
        **Luke F. Piontek (La. Bar No. 19979)**
        **Andre G. Bourgeois (La. Bar No. 19298)**
        **Shelley Ann McGlathery (La. Bar No. 32585)**
        *Pro Hac Vice*
        **ROEDEL PARSONS KOCH BLACHE**
        **BALHOFF & McCOLLISTER**
        A Law Corporation
        8440 Jefferson Highway, Suite 301
        Baton Rouge, Louisiana 70809
        Telephone: (225) 929-7033
        Facsimile: (225) 928-4925
        *Counsel for Plaintiff*


        **Harold E. Pizzetta, III, MSB No. 99867**
        **Assistant Attorney General**
        Office of the Attorney General
        P. O. Box 220
        Jackson, Mississippi 39225-2947
        Telephone: (601) 359-4230
        Facsimile: (601) 359-4231
        *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

    I, Luke F. Piontek, Attorney for the State of Mississippi, do hereby certify that on May 7, 2018, I caused to be electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to all counsel of record.

    This the 7th day of May, 2018.

                                            /s/ LUKE F. PIONTEK
                                            LUKE F. PIONTEK
                                            (La. Bar. #19979)