# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| THE STATE OF MISSISSIPPI, EX REL.<br>JIM HOOD, ATTORNEY GENERAL<br>FOR THE STATE OF MISSISSIPPI<br><br>    Plaintiff,<br><br>v.<br><br>ENTERGY MISSISSIPPI, INC., ET AL.<br><br>    Defendants. | No.: 3:08-CV-780-CWR-LRA |

## DEFENDANTS' NON-CONFIDENTIAL MEMORANDUM IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE EXHIBITS UNDER SEAL

Defendants[1], pursuant to Local Rule 79(e)(3), through counsel, submit this Non-Confidential Memorandum in Support of Motion For Leave to File Exhibits Under Seal, and state as follows:

### I. RELEVANT BACKGROUND

On June 20, 2018, Defendants filed their Motion for Leave to File Exhibits Under Seal, [Doc. 275], Motion to Exclude Testimony of Charles S. Griffey, [Doc. 272], and Motion to Exclude Testimony of Dr. David DeRamus [Doc. 274].

In support of their Motion to Exclude Testimony of Charles S. Griffey, Defendants rely, *inter alia*, on the following exhibits, which will be conventionally filed with the Court:

(1)    Exhibit A:    Opening Expert Report of Charles S. Griffey[2]

---

[1] Entergy Mississippi, Inc., Entergy Corporation, Entergy Services, Inc. and Entergy Power, Inc.

[2] For the same reasons outlined in the instant motion, Defendants previously moved the Court to grant leave to file this exhibit under seal. [Doc. 261].

(2) Exhibit B: Rebuttal Expert Report of Charles S. Griffey[3]

(3) Exhibit E: Deposition of Charles S. Griffey.

In support of their Motion to Exclude Testimony of Dr. David DeRamus, Defendants rely, *inter alia*, on the following exhibits, which will also be filed conventionally with the Court:

(4) Exhibit A: Certain Deposition Excerpts of Dr. David DeRamus[4]

(5) Exhibit B: Certain Deposition Excerpts of Dr. Spencer Yang

(6) Exhibit C: Expert Report of Eugene Meehan

(7) Exhibit D: Certain Deposition Excerpts of J. Neil Copeland.[5]

The exhibits listed above ("the exhibits") contain confidential and/or highly sensitive business information. A Protective Order agreed to by the parties was entered into in this case on May 17, 2017. [Doc. 126] That Protective Order specifically requires that, when the parties file any confidential information among the Court records, such filing "shall be under seal, and shall not occur until the party seeking to so file or use the Confidential Information has obtained a separate Court order authorizing and requiring the sealing of the Confidential Information." Id. at ¶ 9. Accordingly, Defendants request that the Court grant Defendants leave to file the exhibits under seal.

## II. LEGAL ARGUMENTS

The exhibits that Defendants seek leave to file under seal contain both confidential and high sensitive business information. While motions to seal are to be granted cautiously, "sealing may be appropriate where order incorporate confidential business information." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015). Defendants are aware that "a

---

[3] For the same reasons outlined in the instant motion, Defendants previously moved the Court to grant leave to file this exhibit under seal. [Doc. 261].
[4] For the same reasons outlined in the instant motion, Defendants previously moved the Court to grant leave to file this exhibit under seal. [Doc. 261].
[5] For the same reasons outlined in the instant motion, Defendants previously moved the Court to grant leave to file this exhibit under seal. [Doc. 261].

4842-8662-3595.2

court must use caution in exercising its discretion to place records under seal," and that consideration of such motion must take into account the strong presumption that court records are public and weigh that principle against any countervailing interests that would be served by closure. *United States v. Holy Land Found. For Relief and Dev.*, 624 F.3d 685, 686-91 (5th Cir. 2010).

In the instant case, the exhibits are relevant evidence supporting Defendants' reasons for seeking to exclude testimony of Plaintiff's expert witnesses and no legitimate purpose is served by the exhibits being publicly accessible on the Court's PACER/ECF system. Defendants do not wish to jeopardize the confidentiality of certain highly sensitive data and information of the parties involved in this suit.

As stated above, the parties agreed to a Protective Order [Doc. 126], pursuant to which all of the subject expert reports have been identified as "Confidential" and/or containing "Highly Sensitive Information." *See Seals v. Herzing Inc.-New Orleans,* 482 Fed. Appx. 893, 896 *(*5th Cir. 2012) (affirming district court's grant of motion to seal in part because the parties had in place an agreement to maintain confidentiality).

For purposes of Local Rule 79, the confidential and highly sensitive information contained in the exhibits constitute clear and compelling reasons to seal the exhibits from public access only, and this action would be a narrowly tailored remedy under the circumstances. While the exhibits are relevant and warrant the Court's consideration as to factual and legal issues, no public interest is served by public disclosure, and there will be no prejudice to the public interest by allowing the exhibits to be submitted under seal.

Provided the Court grants Defendants' motion, all conventionally filed documents will comply with the requirements of L. U. Civ. R. 79(e). Pursuant to L. U. Civ. R. 79(e)(3)(B)(2), Defendants request that the exhibits "[b]e sealed from public access only, with CM/ECF access permitted to the litigants' counsel." Further, the exhibits should be sealed for the duration of this case until full and final judgment and exhaustion of any appeals, at which time Defendants request that the exhibits be destroyed.

4842-8662-3595.2

This 20th day of June, 2018.

> Respectfully submitted,
>
> ENTERGY MISSISSIPPI, INC.,
> ENTERGY CORPORATION,
> ENTERGY SERVICES, INC. and
> ENTERGY POWER, INC., Defendants
>
> By */s/ Roy D. Campbell*
>     Roy D. Campbell, III (MSB 5562)
>     J. William Manuel (MSB 9891)
>     Alicia N. Netterville (MSB 105055)
>     BRADLEY ARANT BOULT
>       CUMMINGS LLP
>     One Jackson Place
>     188 East Capitol Street, Suite 400
>     P.O. Box 1789
>     Jackson, MS 39215-1789
>     Telephone: (601) 948-8000
>     Facsimile: (601) 948-3000
>     rcampbell@bradley.com
>     wmanuel@bradley.com
>     anetterville@bradley.com

OF COUNSEL:

Tianna H. Raby, MSB #100256
Christopher R. Shaw, MSB #100393
ENTERGY MISSISSIPPI, INC.
308 E. Pearl Street, Suite 700 (39201)
Mail Unit M-ELEC-4A
P.O. Box 1640
Jackson, MS 39215-1640
(601) 969-2656 – Telephone
(601) 969-2696 – Facsimile
traby@entergy.com
cshaw4@entergy.com

John A. Braymer, *Pro Hac Vice*
Associate General Counsel
ENTERGY SERVICES, INC.
639 Loyola Avenue, Suite 2600
New Orleans, LA 70133
(504) 576-6822 - Telephone
jbrayme@entergy.com

James L. Robertson, MSB #5612
Charles E. Ross, MSB #5683
Rebecca Hawkins, MSB #8786
WISE CARTER CHILD & CARAWAY, P.A.
Post Office Box 651
Jackson, MS 39205-0651
(601) 968-5534 – Telephone
(601) 944-7738 – Facsimile
jlr@wisecarter.com
cer@wisecarter.com
rwh@wisecarter.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

This the 20th day of June, 2018.

                                                */s/ Roy D. Campbell*
                                                OF COUNSEL

4842-8662-3595.2