IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| THE STATE OF MISSISSIPPI, EX REL. JIM HOOD, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI, | |
| Plaintiff | |
| v. | No. 3:08-CV-780-CWR-LRA |
| ENTERGY MISSISSIPPI, INC., ENTERGY CORPORATION, ENTERGY SERVICES, INC., AND ENTERGY POWER, INC., | |
| Defendants | |

## PLAINTIFF'S MEMORANDUM BRIEF IN SUPPORT OF MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORTS

NOW INTO COURT, through undersigned counsel, comes Jim Hood, the Attorney General for the State of Mississippi (the "State" or "Plaintiff"), to submit this Memorandum Brief in Support of Motion to Strike Supplemental Expert Reports ("Motion to Strike") prepared on behalf of Defendants Entergy Mississippi, Inc., Entergy Corporation, Entergy Services, Inc., and Entergy Power, Inc. (collectively referred to herein as "Entergy" or "Defendants"). As set forth in further detail, below, because these reports were untimely under the Case Management Order entered into in this case on June 5, 2017, Plaintiff respectfully requests that this Court strike the May 14, 2018 Supplemental Expert Reports prepared by Defendants' witnesses, Frank Gallaher ("Gallaher") and John P. Hurstell ("Hurstell").

**BACKGROUND**

Counsel for Plaintiff and Defendants first began working on a proposed Case Management Order in January 2017. After multiple discussions between counsel and a telephonic status conference with this Court, an agreed-upon Case Management Order was entered on June 5, 2017. That order reflects the parties' agreement on scheduling deadlines, including deadlines for expert disclosures. Plaintiff was required to designate its experts, and provide written expert reports, by November 3, 2017, which it did. Defendants were required to designate their experts, and provide written expert reports, by March 5, 2018. Finally, Plaintiff was required to designate rebuttal experts, and provide corresponding expert reports, by April 2, 2018. On March 5, 2018, this Court granted the Unopposed Motion of Defendants for Additional Time to Serve Three Experts' Reports (Doc. 206) filed by Defendants and extended the deadline for Defendants to file the expert reports of John P. Hurstell ("Hurstell), Don Morrow ("Morrow"), and Joe Pace ("Pace") by 14 days to March 19, 2018. Plaintiff was likewise granted an additional 14-day extension to file its rebuttal expert reports to April 16, 2018. Defendants provided the expert reports prepared by Hurstell, Morrow and Pace on March 19, 2018, and Plaintiff provided its rebuttal expert reports on April 16, 2018.

As previously stated, on May 14, 2018, Defendants submitted the First Supplemental Expert Report of Frank Gallaher for Entergy Mississippi, Inc., et al. ("Gallaher Supplemental Report") and the First Supplemental Expert Report of John P. Hurstell for Entergy Mississippi, Inc., et al. ("Hurstell Supplemental Report").[1] Defendants have not requested this Court to otherwise modify the Case Management Order. Defendants likewise did not move for leave of

---

[1] *See* Exhibit "A", Gallaher Supplemental Report, and Exhibit "B", Hurstell Supplemental Report, attached to Plaintiff's Motion to Strike.

Court to submit the Gallaher Supplemental Report or the Hurstell Supplemental Report after the March 19, 2018 deadline.

## ARGUMENT

FRCP Rule 26(a)(2)(E) requires a party to supplement its expert disclosures when required under Rule 26(e). Rule 26(e) requires a party to supplement or correct its expert disclosure(s) either when ordered by the court[2] or "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[3] This duty to supplement extends to information included in the expert report as well as information given during expert deposition testimony.[4]

Defendants have submitted two supplemental expert reports after the March 19, 2018 deadline for Defendants to submit all expert disclosures. Both the Gallaher Supplemental Report and the Hurstell Supplemental Report do far more than provide additional or corrective information not otherwise made known during the discovery process. Consequently, the Gallaher Supplemental Report and the Hurstell Supplemental Report constitute additional, unauthorized direct reports.

At the outset of the Hurstell Supplemental Report, Hurstell states that the purpose of the report "is to identify additional materials upon which I base my opinion presented in Section XV of my initial Expert Report dated March 5, 2018."[5] (Section XV of Hurstell's initial Expert Report addressed a portion of the report prepared by Charles S. Griffey ("Griffey"), one of Plaintiff's

---

[2] *See* FRCP Rule 26(e)(1)(B).
[3] *See* FRCP Rule 26(e)(1)(A).
[4] *See* FRCP Rule 26(e)(2).
[5] Exhibit "B", Hurstell Supplemental Report, p. 2.

3

experts). The Hurstell Supplemental Report then goes on to list four additional materials. Although it is worthwhile to note that two of the four identified additional materials were previously included in the Appendix to Hurstell's initial expert report produced in this matter on March 19, 2018 and, therefore, are not "additional materials" that require a supplemental report under FRCP Rule 26(e), Plaintiff does not take issue with this portion of the Hurstell Supplemental Report. Hurstell allegedly identified additional materials upon which he based his initial opinion after he submitted his expert report and, in accordance with FRCP Rule 26(e), Hurstell supplemented that expert report to inform Plaintiff of those additional materials.

Plaintiff does, however, object to the remainder of the Hurstell Supplemental Report. The remainder of that first single-spaced page and the following two pages are narrative expert opinion in response to not only Griffey's expert report, but Griffey's rebuttal report. The Case Management Order in this case does not grant Defendants the right to any expert disclosures in response to Plaintiff's rebuttal reports. Even if Hurstell were not responding to Griffey's rebuttal report (which Hurstell admits he is),[6] FRCP Rule 26(e) does not allow him to submit a supplemental expert report that contains additional expert opinion that he could, or should, have included in his original report.

All of the additional materials Hurstell identified in his supplemental report upon which he based his March 5, 2018 opinion were materials from 2010-2012. Due to the age of these materials, this is information Hurstell had available to him at the time he rendered his initial expert report. There was nothing preventing Hurstell from providing the supplemental opinion he issued after the expert disclosures deadline as part of his initial report. And the jurisprudence has made it clear that "[c]ourts have routinely rejected untimely supplemental expert reports and testimony where

---

[6] *See* Exhibit "B", Hurstell Supplemental Expert Report, fn 1.

the opinions are based upon information available prior to the deadline for service of initial expert reports."[7] Further, Hurstell has failed to provide any substantial justification or explanation for his failure to include the opinions contained in the supplemental report in his initial expert report.

The Gallaher Supplemental Report purports to supplement and clarify his initial expert report based upon a line of questioning during a deposition in this case. In his supplemental report, Gallaher explains that, in his deposition on May 11, 2018 he was asked about a transaction that occurred between 1980 and 1986 between Mississippi Power & Light Company and the Southern Companies' system, and that his supplemental report "provides further explanation and clarification of that transaction."[8] First, it should be noted that, although Gallaher sat for a deposition on May 11, 2018, Gallaher was not deposed by Plaintiff's counsel in his capacity as an expert witness in this case; rather he was deposed in his capacity as a corporate representative for Defendants Entergy Mississippi, Inc. and Entergy Corporation. So, the deposition had no bearing on Gallaher's expert report in this case.

Second, the further explanation and clarification provided by the Gallaher Supplemental Report is, just like the information contained in the Hurstell Supplemental Report, additional expert opinion he could, or should, have contained in his original report. This is even further confirmed by the supplemental Exhibit "A" that purports to clarify all of the facts or data that Gallaher considered. The Exhibit "A" attached to the original Gallaher expert report was two pages long and listed the documents he reviewed in issuing his report. The Exhibit "A" attached to the Gallaher Supplemental Report lists the "documents provided to Frank Gallaher" and is four pages long. None of these documents listed on the four pages of the supplemental Exhibit "A" was listed

---

[7] *See Simmons v. Johnson*, 2008 WL 474203 at *3 (M.D.La. 2008), footnote citations omitted.
[8] *See* Exhibit "A", Gallaher Supplemental Report, p. 2.

5

on the initial Exhibit "A". Based on the description of these documents, all of the supplemental documents considered were dated prior to the issuance of Gallaher's initial expert report, with the majority of the documents dating back over 30 years to the 1980s. There was nothing preventing Gallaher from providing this supplemental opinion at the time he timely submitted his 36-page narrative style initial report.

## CONCLUSION

For the reasons set forth above, Plaintiff Jim Hood, the Attorney General for the State of Mississippi, respectfully requests this Court grant its Motion to Strike Supplemental Expert Reports and strike the May 14, 2018 Supplemental Expert Reports prepared by Defendants' witnesses, Frank Gallaher and John P. Hurstell, as blatantly untimely and in stark violation of this Court's Case Management Order.

**By: JIM HOOD, ATTORNEY GENERAL STATE OF MISSISSIPPI**

/s/ LUKE F. PIONTEK
J. Kenton Parsons (La. Bar No. 10377)
Luke F. Piontek (La. Bar No. 19979)
Andre G. Bourgeois (La. Bar No. 19298)
Shelley Ann McGlathery (La. Bar No. 32585)
*Pro Hac Vice*
**ROEDEL PARSONS KOCH BLACHE BALHOFF & McCOLLISTER**
A Law Corporation
8440 Jefferson Highway, Suite 301
Baton Rouge, Louisiana 70809
Telephone: (225) 929-7033
Facsimile: (225) 928-4925

*Counsel for Plaintiff*

Vincent F. Kilborn, III, Esq. (MSB #103028)
Special Assistant Attorney General
**KILBORN, ROEBUCK & McDONALD**
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

David A. McDonald, Esq. (MSB #103027)
Special Assistant Attorney General
**KILBORN, ROEBUCK & McDONALD**
Post Office Box 832
Mobile, Alabama 36601
Telephone: (251) 434-0045
Fax: (251) 434-0047

Harold E. Pizzetta, III, MSB No. 99867
Bridgette W. Wiggins, MSB No. 9676
**Office of the Attorney General**
P. O. Box 220
Jackson, Mississippi 39225-2947
Telephone: (601) 359-4230
Facsimile: (601) 359-4231

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I, Luke F. Piontek, Attorney for the State of Mississippi, do hereby certify that on June 20, 2018, I caused to be electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

James L. Robertson, Esq.
Michael B. Wallace, Esq.
Charles E. Ross, Esq.
Rebecca W. Hawkins, Esq.
Wise, Carter, Child & Caraway, PA
Post Office Box 651
Jackson, Mississippi 39205

John A. Braymer, Esq.
Associate General Counsel
Entergy Services, Inc.
639 Loyola Avenue, #2600
New Orleans, LA 70113

Roy D. Campbell, III
J. William Manuel
Alicia N. Netterville
Bradley Arant Boult Cummings, LLP
One Jackson Place, Suite 400
188 East Capitol Street
Post Office Box 1789
Jackson, MS 39215-1789

Tianna H. Raby, Esq.
Christopher R. Shaw, Esq.
Entergy Mississippi, Inc.
308 E. Pearl Street, Suite 700 (39201)
Mail Unit M-ELEC-4A
P.O. Box 1640
Jackson, Mississippi 39215-1640

Jay Breedveld, Esq.
Mark Strain, Esq.
Duggins Wren Mann & Romero
600 Congress Avenue, Suite 1900
Austin, TX 78701

John D. Martin, Esq.
Nelson Mullins Riley & Scarborough, LLP
1320 Main Street, 17th Floor
Columbia, SC 29201

Sanford I. Weisburst, *Pro Hac Vice*
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
sandyweisburst@quinnemanuel.com

This the 20th day of June, 2018.

/s/ LUKE F. PIONTEK
Luke F. Piontek (La. Bar No. 19979)