# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | | |
|---|---|---|
| THE STATE OF MISSISSIPPI, EX REL. JIM HOOD, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI, | | |
| Plaintiff | | |
| v. | | No. 3:08-CV-780-CWR-LRA |
| ENTERGY MISSISSIPPI, INC., ENTERGY CORPORATION, ENTERGY SERVICES, INC., AND ENTERGY POWER, INC., | | |
| Defendants | | |

### PLAINTIFF'S MEMORANDUM BRIEF IN SUPPORT OF MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORTS AND RELATED EXHIBITS

NOW INTO COURT, through undersigned counsel, comes Jim Hood, the Attorney General for the State of Mississippi (the "State" or "Plaintiff"), to submit this Memorandum Brief in support of his Motion to Strike Supplemental Expert Reports. This motion comes in addition to Plaintiff's currently pending Motion to Strike Supplemental Reports, filed on June 20, 2018. (Doc. 278).

As set forth in further detail below, on March 15, 2019, one year after the Defendants' deadline for expert disclosures, Plaintiff was presented with five new expert reports, each styled as a "supplement" to previously filed direct reports. Plaintiff objects to the admission of these five last-minute "supplements" as untimely, prejudicial in substance, and otherwise inadmissible, and respectfully requests that this Court strike all five of Defendants' expert reports dated March 15, 2019.

1

## I. REVIEW OF EXPERT DISCOVERY TIMELINE

### A. Disclosure of Expert Reports in Accordance with the Case Management Order

An agreed-upon Case Management Order was entered on June 5, 2017. (Doc. 130). That order reflects the parties' agreement on scheduling deadlines, including deadlines for expert disclosures. Plaintiff was required to designate its experts, and provide written expert reports, by November 3, 2017, which it did. Defendants were required to designate their experts, and provide written expert reports, by March 5, 2018. Defendants filed numerous expert reports. Plaintiff was given until April 2, 2018 to file his rebuttal reports. On March 5, 2018, this Court granted the Unopposed Motion of Defendants for Additional Time to Serve Three Experts' Reports (Doc. 206) filed by Defendants and extended the deadline for Defendants to file the expert reports of John P. Hurstell ("Hurstell"), Don Morrow ("Morrow"), and Joe Pace ("Pace") by 14 days to March 19, 2018. Plaintiff was likewise granted an additional 14-day extension to file its rebuttal expert reports to April 16, 2018. Defendants provided the expert reports prepared by Hurstell, Morrow and Pace on March 19, 2018, and Plaintiff provided its rebuttal expert reports on April 16, 2018.

### B. Defendants Serve Two Untimely and Unsanctioned Expert Rebuttal Reports

On May 14, 2018, Defendants submitted the First Supplemental Expert Report of Frank Gallaher and the First Supplemental Expert Report of John P. Hurstell. Although these reports were produced nearly two months after the March 19, 2018 deadline, Defendants never requested a modification of the Case Management Order or motion for leave of court. In response, Plaintiff filed a Motion to Strike Supplemental Expert Reports on June 20, 2018. (Doc. 278).

### C. Defendants Serve Five Unsanctioned Expert Rebuttal Reports on the Eve of Trial

On the evening of March 15, two weeks after the final pretrial conference, ten months after the general discovery deadline, and one year after Defendants were bound to disclose the opinions of their

experts *in full*, Entergy presented Plaintiff with five additional 'supplemental' expert reports. All were submitted simultaneously after the close of business on a Friday two weeks before trial.

## II. LAW & ARGUMENT

FRCP Rule 26(a)(2)(D) mandates that expert disclosures be made "at the times and in the sequence that the court orders." Rule 26(a)(2)(E) requires a party to supplement its expert disclosures either when ordered by the court[1] or "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."[2] This duty to supplement extends to information included in the expert report.[3]

**A.    The Supplements Are Untimely**

The rule here is clear: matters of timing and sequence regarding expert disclosures are neither arbitrary nor meaningless. There is a logic to the order of the discovery schedule, and violation of that logic creates an imbalance. Such logic is evident in the three-step sequence outlined in the Case Management Order of June 5, 2017 : (1) Plaintiff designates experts and presents their findings in support of the allegations, (2) Defendants, now having knowledge of their opponent's specific claims and methodologies, are given ample time to consider Plaintiff's reports, conduct any necessary discovery, and provide a refutation and/or rebuttal. (3) Plaintiff is given the same opportunity to respond, with specific knowledge of his opponent's position, to the particulars of Defendants' counterargument. Being that the Plaintiff bears the burden of proof; he

---

[1] *See* FRCP Rule 26(e)(1)(B).
[2] *See* FRCP Rule 26(e)(1)(A).
[3] *See* FRCP Rule 26(e)(2).

is afforded the "last bite at the apple." This three-part procession of ordered argument — proposition, counter-proposition, rebuttal — is itself older than water. Nevertheless, Entergy persists in their claim that such an order is patently unjust, and that justice may only be served when they have had the last word.

Not only are these reports out of order, but they have been produced nearly a year from their original deadline, and only two weeks before trial. Even if Defendant's supplements were subject to some exception owing to the nature of their content, they would still be objectionable by virtue of their timing. Plaintiff's rebuttal reports, at which these supplemental reports purportedly are aimed, were submitted April 16, 2018 – 11 months before the surprise submission of these supplemental reports. By the same token, any attempt to justify the timing or content of these new reports as being responsive to 'new' or 'recently disclosed' information is entirely disingenuous. Plaintiff has literally no time to conduct discovery regarding these five brand-new expert reports. Waiting nearly a year, and up until Plaintiff was in the final throes of trial preparation in this matter, to drop these new reports can be regarded as nothing other than sandbagging.

Even the authors themselves seem to be aware that their "supplements" are unsanctioned and presumptively inadmissible. Each begins by attempting to justify the report, and then reiterates that justification throughout. Hurstell, Meehan, and Morrow all begin their reports by making the same declaration of purpose: "*to clarify and expound upon my initial report as it relates to the new opinions, calculations, and analyses offered by Plaintiff's expert(s) [Name] in their rebuttal report(s)*." The duty to supplement an expert report, as set forth in FRCP Rule 26(a)(2)(E), neither requires nor permits an expert to voluntarily "expound upon" or "clarify" their initial report;

certainly not when that "clarification" is nothing less than an unscheduled surrebuttal offered two weeks before trial.

All five authors (or the same attorney) also saw fit to include the following caveat in their introduction:

> While a supplemental report may not be necessary or required, in an abundance of caution, and given that the rebuttal report of Plaintiff's expert [*Name*] clearly contains new opinions as identified below and Defendants motion to strike portions of [*expert's*] report remains pending…

(Hurstell at p.1; Louiselle at p.1; Morrow at p.4; Meehan at p.3; Pace at p.2). The authors themselves admit that these reports are being filed as a contingency, with their admission hinging upon the success or failure of Defendants' Motion to Strike. Their declared intent is to provide a response to Plaintiff's rebuttals only to the extent that those rebuttals exceeded their proper scope. The Court has found that Plaintiff's rebuttals "were filed in accordance with the Case Management Order, which explicitly provided for rebuttal expert reports, and are within the scope of a proper rebuttal." (Doc. 361). Considering their stated purpose withers in light of the Court's ruling, Defendants' new "supplemental" reports should be stricken in their entirety.

**B.    Defendant's New Expert Reports are Not Supplemental in Nature**

Defendants seem bound and determined to drag these proceedings into a quagmire over the definition of the word "rebuttal." They have previously – and unsuccessfully – argued that Plaintiffs' experts introduced "new information" or "new theories" in their rebuttal reports. Entergy filed a motion based on this claim, which the court has now denied.[4] Plaintiff's rebuttal reports are just that, rebuttals. They take the opposing experts' claims into account to determine

---
[4] Doc. 361

whether they do, in fact, mitigate or eliminate their own damages estimate. In this case, Plaintiff's experts accounted for the variety of excuses offered by Defendants' experts, plugged them into their working model, and reported that those excuses don't hold water. Understandably, Entergy now wants to "clarify" and "expound upon" their experts' opinions.

As with the first two "supplemental" reports issued by Defendants' experts, these five new reports are neither supplemental nor corrective. They are unsanctioned, lengthy, point-by-point counterarguments aimed directly at Plaintiff's expert rebuttal reports. In other words, they are surrebuttals. They are based upon new opinions, introduce new data, forward new arguments and analysis illustrated by new exhibits, and are offered without any pretense or apology for their open disregard of both the Case Management Order and the Federal Rules of Civil Procedure.

C.     **New and "Revised" Exhibits Should be Excluded**

Instead of appending exhibits to their reports so that such newly-developed and improper illustrations of the untimely opinions contained in the supplemental reports would be readily identified, Mr. Hurstell, Mr. Meehan, Mr. Morrow, and Mr. Pace all cite directly to Defendants' list of trial exhibits.[5] Plaintiff concedes that not all of the exhibits are entirely new, and that some revisions have been made solely for purposes of legibility. However, many of the exhibits include new information, illustrate new analyses, and/or represent positions heretofore left unaddressed by Defendants' experts. To the extent that these new and revised exhibits have been altered for any reason other than legibility, they, too, should be stricken along with the corresponding report. They are purposeful manipulations of prior documents and visualizations of data and analyses provided for the first time in this case in support of Defendants' unscheduled surrebuttals. Whether as a

---

[5] Mr. Hurstell goes so far to cite a demonstrative exhibit that has yet to be produced.

6

sanction for violation of the Case Management Order, or as insurance against any prejudicial effect, the provided list of exhibits (see Ex. A), must be stricken from the record.

Entergy has filed these reports at the last minute with the expectation that, since this is a bench trial, this court will simply allow them into the record, with the promise that these "supplements" will be accorded lesser weight. To do so would give them an undue advantage, if not now, then during the inevitable chain of appeals that will follow.

## CONCLUSION

For the reasons set forth above, Plaintiff Jim Hood, the Attorney General for the State of Mississippi, respectfully requests this Court grant its Motion to Strike Supplemental Expert Reports and strike the March 15, 2019 Supplemental Expert Reports prepared by Defendants' witnesses Joe D. Pace, Donald J. Morrow, Bruce M. Louiselle, Eugene T. Meehan, Frank Gallaher and John P. Hurstell, as blatantly untimely and in stark violation of this Court's Case Management Order, and due to the unmitigated prejudice they will cause Plaintiff.

**By: JIM HOOD, ATTORNEY GENERAL
STATE OF MISSISSIPPI**

/s/ LUKE F. PIONTEK
J. Kenton Parsons (La. Bar No. 10377)
Luke F. Piontek (La. Bar No. 19979)
Andre G. Bourgeois (La. Bar No. 19298)
Shelley Ann McGlathery (La. Bar No. 32585)
*Pro Hac Vice*
**ROEDEL PARSONS KOCH BLACHE
BALHOFF & McCOLLISTER**
A Law Corporation
8440 Jefferson Highway, Suite 301
Baton Rouge, Louisiana 70809
Telephone: (225) 929-7033
Facsimile: (225) 928-4925

*Counsel for Plaintiff*

Vincent F. Kilborn, III, Esq. (MSB #103028)
Special Assistant Attorney General
Post Office Box 66710
Mobile, Alabama 36660
Telephone: (251) 479-9010
Fax: (251) 479-6747

Harold E. Pizzetta, III, MSB No. 99867
Bridgette W. Wiggins, MSB No. 9676
**Office of the Attorney General**
P. O. Box 220
Jackson, Mississippi 39225-2947
Telephone: (601) 359-4230
Facsimile: (601) 359-4231

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

      I, Luke F. Piontek, Attorney for the State of Mississippi, do hereby certify that on March 28, 2019, I caused to be electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

| | |
|---|---|
| James L. Robertson, Esq.<br>Michael B. Wallace, Esq.<br>Charles E. Ross, Esq.<br>Rebecca W. Hawkins, Esq.<br>Wise, Carter, Child & Caraway, PA<br>Post Office Box 651<br>Jackson, Mississippi 39205 | Jay Breedveld, Esq.<br>Mark Strain, Esq.<br>Duggins Wren Mann & Romero<br>600 Congress Avenue, Suite 1900<br>Austin, TX 78701 |
| John A. Braymer, Esq.<br>Associate General Counsel<br>Entergy Services, Inc.<br>639 Loyola Avenue, #2600<br>New Orleans, LA 70113 | John D. Martin, Esq.<br>Nelson Mullins Riley & Scarborough, LLP<br>1320 Main Street, 17th Floor<br>Columbia, SC 29201 |
| Roy D. Campbell, III<br>J. William Manuel<br>Alicia N. Netterville<br>Bradley Arant Boult Cummings, LLP<br>One Jackson Place, Suite 400<br>188 East Capitol Street<br>Post Office Box 1789<br>Jackson, MS 39215-1789 | Sanford I. Weisburst, *Pro Hac Vice*<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY 10010<br>Telephone: (212) 849-7000<br>Facsimile: (212) 849-7100<br>sandyweisburst@quinnemanuel.com |
| Tianna H. Raby, Esq.<br>Christopher R. Shaw, Esq.<br>Entergy Mississippi, Inc.<br>308 E. Pearl Street, Suite 700 (39201)<br>Mail Unit M-ELEC-4A<br>P.O. Box 1640<br>Jackson, Mississippi 39215-1640 | |

This the 28th day of March, 2019.

      /s/ LUKE F. PIONTEK
      Luke F. Piontek (La. Bar No. 19979)