IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**STATE OF MISSISSIPPI ex rel. Jim Hood,**  **PLAINTIFF**
Attorney General

V.                                                                               CAUSE NO. 3:08-CV-780-CWR-LRA

**ENTERGY MISSISSIPPI, INC., et al.**                        **DEFENDANTS**

## ORDER

The defendants have moved for summary judgment. They have presented dozens of factual and legal arguments explaining why they believe this case should not proceed to its long-scheduled bench trial. The State, in turn, has responded with its own detailed, point-by-point refutation. The parties' legal briefs exceed 150 pages, while the record evidence spans more than 2,600 pages.

The parties have done an admirable job explaining the complicated facts, expert reports, and law. Unfortunately, however, persistent factual and legal issues require a complete airing of their dispute at trial.

The defendants say that there is no antitrust injury, but the State's expert disagrees and calculates the injury to Mississippi consumers in the hundreds of millions of dollars. The defendants argue that the claims are preempted by federal law, but Judge Wingate considered that issue in depth and arrived at a contrary conclusion. The defendants also contend that the State's claims are preempted by a new state statute, but more recent guidance from the Mississippi Supreme Court suggests otherwise, and it is not within the power of this Court to directly certify the question to that body.[1] The defendants deprived themselves of easy paths to

---

[1] That is regrettable, since judges and lawyers benefit more from direct statements of state law than from *Erie* guesses by the federal courts. Perhaps the parties will urge the Mississippi Supreme Court to amend Mississippi

the Mississippi Supreme Court by hauling the State into federal court. The State certainly did not want to be in this forum. *See* Docket No. 9.

Faced with these problems, the better course of action is to proceed to a full trial on the merits. As Chief Judge Jordan has written,

> "Even in the absence of a factual dispute, a district court has the power to 'deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.'" *Black v. J.I. Case Co.*, 22 F.3d 568, 572 (5th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)); *see also Hand v. UNUM Provident Corp.*, 202 F. App'x 689, 692 (5th Cir. 2006) (same). Furthermore, "a district court 'has the discretion to deny a motion for summary judgment even if the movant otherwise successfully carries its burden of proof if the judge has doubt as to the wisdom of terminating the case before a full trial.'" *Id.* (quoting *Veillon v. Exploration Servs.*, 876 F.2d 1197, 1200 (5th Cir. 1989)).

*Donnell v. The Hartford Central Property Claims Region*, No. 3:13-cv-761, Docket No. 99 at 2 (S.D. Miss. Mar. 29, 2016) (brackets omitted). That case also had complicated factual allegations and a "voluminous" record. The defendant later prevailed at a bench trial. Whether the same will happen here remains to be seen. As a reminder, the parties are encouraged to seek an amicable resolution. For more than a decade, considerable resources have been expended by all involved.

Lastly, the parties disagree over the deposition testimony of the State's corporate representative. Before taking up the objections, the Court will need to hear why this representative cannot testify in person.[2]

The motions are denied, and the issues carried with the case.

**SO ORDERED**, this the 29th day of March, 2019.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

Rule of Appellate Procedure 20(a). Guidance from the Mississippi Supreme Court would have been helpful in this case. If there is an appeal, the Fifth Circuit may choose to certify the question, further extending the life of this case.
[2] While the Court was finalizing this order, the State filed a Motion to Strike Supplemental Expert Reports. The defendants have not yet responded. That motion will be heard at the trial.