IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| THE STATE OF MISSISSIPPI EX REL. JIM HOOD, ATTORNEY GENERAL FOR THE STATE OF MISSISSIPPI, <br><br>Plaintiff-Counterclaim Defendant, <br><br>v. <br><br>ENTERGY MISSISSIPPI, INC., ENTERGY CORPORATION, ENTERGY SERVICES, INC., AND ENTERGY POWER, INC., <br><br>Defendants-Counterclaim Plaintiffs. | No. 3:08-CV-780-CWR-LRA |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORTS**

Defendants respectfully submit this opposition to Plaintiff's Motion (Doc. 362) to Strike Defendants' Supplemental Expert Reports and Related Exhibits.

**INTRODUCTION**

Although the Court has determined that the Plaintiff's rebuttal expert reports are "within the scope of a proper rebuttal," Doc. 361, those reports contain new opinions and analyses that warrant allowing Defendants' experts to address those specific issues, which they did not have the opportunity to address in their own initial reports. Just as this Court found that the new opinions raised in Plaintiff's rebuttal expert reports were permissible, so the Court should rule that the opinions raised in Defendants' supplemental expert reports are within the scope of proper sur-rebuttal. Plaintiff acknowledges that Defendants' supplemental reports are "aimed directly at Plaintiff's expert rebuttal reports," rather than introducing any new, unrelated, or previously undisclosed topics. Doc. 363 at 6.

The supplemental reports are not Defendants' attempt to have the "last word," *id.* at 4, but rather to ensure that Plaintiff's experts do not have the **only word** on the new methodologies and opinions raised for the first time in their rebuttal reports. Much of Plaintiff's opposition seems predicated on the notion that the party that *serves the last expert report* gets the last word *at trial*. That is incorrect. Expert reports are designed to provide the substance of an expert's opinion before the expert gives his or her full testimony at trial. At trial, Plaintiff will be able to cross-examine Defendants' experts and to recall its own experts in its rebuttal case. Thus, it is Plaintiff, not Defendants, that will actually get the last word at trial.

Given that the Court has permitted Plaintiff's experts to tread new ground in their rebuttal reports, it is only fair to allow the Defendants' experts a chance to respond. Moreover, in the

context of a bench trial, the Court has broad discretion to admit and weigh expert testimony presented at trial, and it should do so here with respect to the testimony of Defendants' experts.

The Court should deny Plaintiff's motion to strike. But even if the Court grants Plaintiff's motion, the Court should allow Defendants' experts to address Plaintiff's rebuttal expert reports during their trial testimony, on the theory that such testimony is adequately rooted in Defendants' initial expert reports.[1]

## ARGUMENT

I. **Defendants' Supplemental Expert Reports Are Proper Sur-Rebuttal Reports**

   A. **Defendants' Supplemental Reports Respond To New Opinions and Analyses In Plaintiff's Rebuttal Expert Reports**

Plaintiff's rebuttal expert reports, even though now held to be "within the scope of a proper rebuttal," Doc. 361, contain new opinions and analyses that warrant allowing Defendants' experts to address those specific issues, which they did not have the opportunity to address in their own initial reports. For instance, in his rebuttal report, Plaintiff's expert Dr. David DeRamus employed a new methodology to perform a "sensitivity analysis" in response to a critique by Defendants' expert Dr. Joe Pace. *See* Doc. 232-2 at 52-55. Dr. Pace's supplemental report explains why this new sensitivity analysis is flawed. *See* Doc. 362-5 at 3-7. As another example, in his rebuttal report, Plaintiff's expert Neil Copeland analyzed three additional "scenarios" (which he compared to a new "base case"), none of which was included in his initial report. *See* Doc. 232-13 at 7-8. Defendants' expert Gene Meehan explains in his supplemental report that these additional scenarios do not solve the flaws in Mr. Copeland's initial analysis. *See* Doc. 362-3 at 5-12. The

---

[1] Plaintiff has also challenged the two supplemental expert reports Entergy served in May 2018. That challenge was made in a separate motion to strike. *See* Doc. 277. Because Entergy has already responded to the arguments raised in that motion, *see* Doc. 284, it will not repeat those arguments here.

remainder of the supplemental reports, as Plaintiff admits, similarly provide "point-by-point counterarguments aimed directly at Plaintiff's expert rebuttal reports." Doc. 363 at 6.

### B. This Court Has Broad Discretion To Permit Sur-Rebuttal Reports That Respond To New Opinions Raised In Rebuttal Reports

Under Fifth Circuit precedent, a trial court has wide discretion to allow supplemental expert testimony. *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988 (5th Cir. 1997). Supplemental expert testimony is important to ensure that Defendants here have a full and fair opportunity to present their case, namely by addressing specific points that were made in Plaintiff's rebuttal expert reports, even if those rebuttal reports were (as this Court has now determined) "within the scope of a proper rebuttal." Doc. 361. In similar situations, district courts have repeatedly allowed sur-rebuttal reports where, as here, the other side's rebuttal "contained data and conclusions new and different from those in their original reports." *In re Fleming Cos., Inc., Contract Litig.*, 2000 WL 35612913, at *1 (W.D. Mo. Nov. 30, 2000) (denying motion to strike); *see also, e.g.*, *Villegas v. Cequent Performance Prods., Inc.*, 2017 WL 816872, at *6 (W.D. Tex. Mar. 1, 2017) (allowing expert declaration that pointed out a "mischaracterization by [the other side] of his opinion regarding manual removal of the lock nut" because it "adds no new facts, opinions or information, but merely points out how [the other side mischaracterized] a statement from his second supplemental report") (internal quotation marks omitted); *Rhead v. Mundy*, 2005 WL 5994165, at *18 (S.D. Cal. Oct. 21, 2005) (permitting sur-rebuttal expert report limited to responding to expert's supplemental report opinions).

Plaintiff acknowledges that the purpose of Defendants' initial expert reports was, "having knowledge of their opponent's specific claims and methodologies," to "provide a refutation and/or rebuttal." Doc. 363 at 3. But when Defendants' experts submitted their initial expert reports, they did not have knowledge of—and could not rebut or refute—"claims and methodologies" raised for

3

the first time in Plaintiff's experts' rebuttal reports, as Plaintiff's experts' rebuttal reports were not yet available. The potential prejudice to Defendants, if not allowed to respond to these new opinions, is substantial.

Plaintiff, in contrast will suffer no prejudice if Defendants' supplemental expert reports are permitted, for those reports are narrowly tailored to respond to the issues that Plaintiff's experts themselves raised in their rebuttal reports. As one court explained, "[i]f it is a true sur-rebuttal, and only offers responses to [the other side's expert]'s rebuttal report, then it is hard to see how the [other side] ha[s] been prejudiced by receiving the report. If anything, [the sur-rebuttal expert] report would appear to help the [other side], by letting the[m] know before trial how the ... expert witness will support the[ir] [] case." *U.S. Bank Nat'l Ass'n v. Verizon Commc'ns Inc.*, 2012 WL 12885083, at *1 (N.D. Tex. Aug. 3, 2012). The supplemental reports do not introduce new topics, inject new theories into the case, or fall outside the bounds of what Defendants' experts have already opined about. Instead, they simply provide Plaintiff with notice of the testimony that Defendants' experts will give on the witness stand.

Just as this Court ruled that the new opinions raised in Plaintiff's rebuttal expert reports "are within the scope of a proper rebuttal," Doc. 361, the Court should permit Defendants' experts to respond to those new opinions in their supplemental reports.[2]

---

[2]  Regarding Plaintiff's suggestion that the exhibits cited in the supplemental expert reports are improper, Plaintiff has not attempted to show (in its Exhibit A or otherwise) which of those exhibits is supposedly not responsive to material in Plaintiff's rebuttal expert reports. Moreover, many of the exhibits contained in Exhibit A, which Plaintiff claims are "new," are in fact exhibits that were already disclosed in Defendants' initial expert reports that were served on Plaintiff in March 2018. *See, e.g.*, D-0613, D-0614, D-0615, D-0618, D-0619, D-0620, D-0626.

4

## II. Even If The Court Strikes The Supplemental Reports, It Should Still Allow The Defendants' Experts To Testify To The Topics In Those Reports And Assess Those Experts' Testimony At Trial

Even if the Court were to decline to exercise its broad discretion to permit Defendants' supplemental expert reports, it nonetheless should allow examination concerning the opinions raised therein. These opinions are proper subjects for testimony at trial because they are adequately within the scope of Defendants' initial expert reports. As courts within the Fifth Circuit have recognized, "'the purpose of ... expert reports is not to replicate every word that the expert might say from the stand. It is instead to convey the substance of the expert's opinion ... so that the opponent will be ready to rebut, to cross-examine, and to offer competing expert [testimony] if necessary.'" *Estate of Hauser v. Westchester Surplus Lines Ins. Co.*, 2015 WL 967564, at *5 (E.D. La. Mar. 4, 2015) (quoting *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 762 (7th Cir. 2010)). Here, Defendants' initial expert reports clearly "convey[ed] the substance" of the experts' opinions, and therefore those opinions, even if re-focused on addressing Plaintiffs' expert's rebuttal reports, should be allowed to be given as trial testimony.

Allowing Defendants' experts to address the new opinions in Plaintiff's rebuttal expert reports at trial is particularly appropriate given that this case will be tried to the bench, rather than to a jury. The Court is within its discretion to allow Defendants' experts to testify on these issues, subject to cross-examination, and accord the testimony whatever weight the Court finds is due. *See Pittman v. Gilmore*, 556 F.2d 1259, 1261 (5th Cir. 1977) ("It is settled law that the weight to be accorded expert opinion evidence is solely within the discretion of the judge sitting without a jury."). Indeed, a district court has "wide latitude in determining the admissibility of expert testimony, and 'the discretion of the trial' judge and his or her decision will not be disturbed on appeal unless 'manifestly erroneous.'" *Watkins*, 121 F.3d at 988 (quoting *Eiland v. Westinghouse Elec.*, 58 F.3d 176, 180 (5th Cir. 1995)). Permitting responsive testimony by Defendants' experts

not only ensures that this Court is able to render a decision on a full and complete record, but also promotes judicial efficiency in deciding this issue on a more fully developed record at trial.

Thus, even if the Court strikes Defendants' supplemental expert reports, it should still permit Defendants' experts to testify about the new opinions in Plaintiff's rebuttal reports.

## **CONCLUSION**

Defendants respectfully request that this Court deny Plaintiff's motion to strike Defendants' supplemental expert reports and related exhibits, or at minimum allow Defendant's experts to testify about the new opinions in Plaintiff's rebuttal reports.

RESPECTFULLY SUBMITTED, this 1st day of April, 2019.

                    ENTERGY MISSISSIPPI, INC.,
                    ENTERGY CORPORATION, ENTERGY
                    SERVICES, INC. AND ENTERGY
                    POWER, INC., Defendants

By /s/ Roy D. Campbell, III
    Roy D. Campbell, III (MSB 5562)
    J. William Manuel (MSB 9891)
    Alicia N. Netterville (MSB 105055)

    BRADLEY ARANT BOULT
    CUMMINGS LLP
    One Jackson Place
    188 East Capitol Street, Suite 400
    P.O. Box 1789
    Jackson, MS 39215-1789
    Telephone: (601) 948-8000
    Facsimile: (601) 948-3000
    rcampbell@bradley.com
    wmanuel@bradley.com
    anetterville@bradley.com

    Charles E. Ross (MSB 5683)
    James L. Robertson (MSB 5612)
    Rebecca Hawkins (MSB 8786)
    WISE CARTER CHILD & CARAWAY, P.A.
    Post Office Box 651
    Jackson, MS 39205-0651
    Telephone: (601) 968-5534
    Facsimile: (601) 944-7738
    jlr@wisecarter.com
    cer@wisecarter.com
    rwh@wisecarter.com

OF COUNSEL:

Kathleen M. Sullivan, *Pro Hac Vice*
Sanford I. Weisburst, *Pro Hac Vice*
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
sandyweisburst@quinnemanuel.com

Mark Strain, *Pro Hac Vice*
Jay Breedveld, *Pro Hac Vice*
Duggins Wren Mann & Romero
600 Congress Avenue, Suite 1900
Austin, TX 78702
Telephone: (512) 744-9300
Facsimile: (512) 744-9399
jbreedveld@dwmrlaw.com
mstrain@dwmrlaw.com

Tianna H. Raby (MSB 100256)
Christopher R. Shaw (MSB 100393)
Entergy Mississippi, Inc.
308 E. Pearl Street, Suite 700 (39201)
Mail Unit M-ELEC-4A
P.O. Box 1640
Jackson, MS 39215-1640
Telephone: (601) 969-2656
Facsimile: (601) 969-2696
traby@entergy.com
cshaw4@entergy.com

John A. Braymer, *Pro Hac Vice*
Associate General Counsel
Entergy Services, Inc.
639 Loyola Avenue, Suite 2600
New Orleans, LA 70133
jbrayme@entergy.com

**CERTIFICATE OF SERVICE**

      I do hereby certify that I have this day electronically filed Defendants' Memorandum of Law in Opposition to Plaintiff's Motion to Strike Supplemental Expert Reports with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

This 1st day of April, 2019.

                                                    /s/ Roy D. Campbell, III
                                                    Roy D. Campbell, III