# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
ENTERED

JAN 29 2004

Michael N. Milby Clerk

DAVID JENKINS and CINDY JENKINS, §
individually and on behalf of all persons §
similarly situated §
§
Plaintiffs, §
§
v. § CIVIL ACTION NO. G-03-746
§
ENTERGY CORPORATION et al. §
§
Defendants. §

## ORDER OF REMAND

This case was originally brought in the 344th District Court of Chambers County on August 5, 2003. Defendants removed the case to this Court on September 15, 2003 pursuant to the Court's federal question jurisdiction. *See* 28 U.S.C. § 1441(b). Plaintiffs now move to remand this case to the state court and argue that this case does not raise a federal question. For the reasons articulated below, the Court **GRANTS** Plaintiffs' Motion for Remand and **REMANDS** this case to the 344th District Court of Chambers County.

### I. Background

This case revolves around decisions regarding energy generation, purchase, and distribution made by electricity suppliers and their related entities. The Entergy system is made up of five Operating Companies that generate, transmit, and distribute electricity throughout the state. In addition to generating power for retail distribution, the Operating Companies purchase power in the wholesale energy market to meet retail customer demand. Although the Operating Companies run

1

their own units, the generation, purchase, and distribution decisions are made on behalf of all the Operating Companies and controlled by one central authority, Entergy Services Inc. ("ESI"). All of the generating units within the Entergy system are controlled by one dispatch center manned by ESI or Entergy Power Marketing Corporation ("EPMC") personnel. The personnel at the dispatch center also buy and sell electricity in the wholesale market from and to other utilities on behalf of the Operating Companies.

Each month, ESI provides the Operating Companies with an accounting of that month's power usage and distribution. The resulting monthly intra-system bill ("ISB") allocates a portion of the total power to each operating company. Plaintiffs claim that the ISBs show that low-cost power is sold in the wholesale market for a profit while high-cost power produced by the most inefficient systems is billed to Entergy's Texas customers. Plaintiffs allege that the Entergy system has utilized creative accounting techniques to show that the high-cost power was sold to Texas residents when in fact it was not. The resultant overcharging of Texas energy consumers is the basis of Plaintiffs' claims.

Plaintiffs' Original Petition calls for disgorgement of wrongful profits and relief under the Texas Theft Liability Act, the Texas common law of conspiracy, breach of fiduciary duty, aiding and abetting a breach of fiduciary duty, and constructive fraud. Defendants argue that all of the decisions cited as wrongful by Plaintiffs were made pursuant to the Entergy System Agreement, a tariff approved by the Federal Energy Regulatory Commission (FERC). Accordingly, they argue that Plaintiffs' right to relief depends on the resolution of a substantial question of federal law—whether the tariff was violated.

## II. Removal Jurisdiction

28 U.S.C. § 1441(b) allows removal of "any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States." However, federal jurisdiction is extremely limited. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). The burden of establishing jurisdiction is on the party seeking to maintain the case in a federal forum. *Id.* In this case, the Defendants have sought removal, so the burden lies with them. The removal statutes are to be construed narrowly, and federal jurisdiction should be rejected if there is any doubt as to its existence in a particular case. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *Herron v. Continental Airlines, Inc.* 73 F.3d 57, 58 (5th Cir. 1996).

In this case, Defendants allege that Plaintiffs' claims provide federal jurisdiction because any recovery depends upon a violation of a FERC tariff, making this case one that arises under federal law and bringing it within the jurisdiction of FERC and the federal courts. In determining whether this case does indeed arise under federal law, the Court looks to whether the "plaintiff's well-pleaded complaint raises issues of federal law." *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987). A complaint provides federal jurisdiction if it states a claim that is created by federal law. *See American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 36 S. Ct. 585, 60 L. Ed. 987 (1916); *Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001). In addition, a complaint that does not state a claim that is created by federal law may still create federal question jurisdiction if "(1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Id.; see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 103 S. Ct. 2841, 77 L.Ed. 2d 420 (1983); *Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S. Ct.

96, 81 L. Ed. 70 (1936).

A plaintiff may defeat removal by choosing not to plead federal claims. *Franchise Tax Bd.*, 463 U.S. at 22. The mere fact that a plaintiff could have asserted federal claims but did not does not confer jurisdiction on the federal courts. *Id.* Plaintiffs in this case do not invoke a federal law in their complaint. Instead, they rely on state common law claims and the Texas Theft Liability Act ("TTLA"), a creation of the Texas legislature. *See* Tex. Civ. Prac. & Rem. Code Ann. §134.001 *et seq.* (Vernon 1997). Therefore, in order for this case to be properly within this Court's federal question jurisdiction, it must meet the three-part test outlined by the Fifth Circuit in *Howery*.[1]

### III. Application of the *Howery* Test

Application of the three-part test set out above reveals that this case provides no basis for federal jurisdiction since no federal right is an essential element of Plaintiffs' state-law claims. FERC regulates the wholesale of electricity in interstate commerce. *See* 16 U.S.C. § 824(b). In its capacity as a federal regulating agency, it approves tariffs under the Federal Power Act. *See* 16 U.S.C. § 824d. A federal tariff, once approved, binds parties with the force of law. *See Lowden v. Simonds-Shields-Lonsdale Grain Co.*, 306 U.S. 519, 59 S. Ct. 612, 83 L. Ed. 953 (1939). Defendants argue that Plaintiff's claim ultimately rests on whether or not the System Agreement, a FERC-approved tariff, was violated. Though Defendants do not specifically cite the *Howery* framework, their Response indicates that they believe that proving a violation of federal law, the System Agreement, is an essential element of Plaintiffs' state-law claims. Plaintiffs argue that they

---

[1]Defendants make several references to the artful pleading doctrine, implying that it is relevant in this case. The Court disagrees. In the Fifth Circuit, the artful pleading doctrine applies only in cases of complete preemption. *See Waste Control Specialists, LLC v. Envirocare*, 199 F.3d 781, 783 (5th Cir. 2000). Both Parties and this Court agree that the doctrine of complete preemption is not applicable to this case. Any basis for jurisdiction here must be founded on the well-pleaded complaint rule as interpreted by the Fifth Circuit and analyzed in this Order.

4

can recover under Texas law without reference to the System Agreement. The Court agrees with Plaintiffs.

None of the Texas common-law or statutory causes of action cited by Plaintiffs in their Petition require the violation of a federal tariff. Conduct that violates the tariff may also violate the TTLA or other common-law duties, but a violation of the tariff is not an essential element to any of Plaintiffs' claims. Plaintiffs can conceivably prove their state-law claims by providing evidence that Defendants used fraudulent accounting techniques to overcharge customers. This type of case would not require Plaintiffs to reference the tariff during the presentation of their case. This is not to say that the tariff would never be mentioned in a trial of this controversy. Indeed, Defendants have indicated that their compliance with the System Agreement is a basis on which this case should be dismissed. Given this posture, it is conceivable that a state-court trial could spend days during Defendants' case and Plaintiffs' rebuttal examining and analyzing the System Agreement. However, this possibility is of no importance in the current analysis. It is well-settled law that a case cannot be removed on the basis of a federal defense, "even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). Defendants have tried to escape this result through very skillful briefing of the issues in this Motion, but the fact remains that the federal tariff at issue is <u>not</u> an <u>essential element</u> to any of Plaintiffs' claims. Having failed to meet the first prong of the *Howery* test, Defendants cannot meet their burden of showing that the instant case is within this Court's jurisdiction, and consideration of the second and third prongs is moot.

### IV. Application of 16 U.S.C. § 825p

5

Defendants argue that this case falls under the Federal Power Act's exclusive jurisdiction provision, which reads in relevant part:

> The District Courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter or rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder.

16 U.S.C. § 825p. This provision is inapplicable to Plaintiffs' case. Even if they could have, Plaintiffs do not allege a violation of the Federal Power Act or any other federal law or regulation. Nor are they attempting to enforce a liability or duty under the Act. Since this provision does not apply to Plaintiffs' wholly state-law claims, further analysis of it is unnecessary.

### V. Scope of the System Agreement

Both Parties have written numerous pages with piles of citations trying to convince the Court that the behavior complained of by Plaintiffs is or is not actually governed by the System Agreement. Fortunately, these arguments need not be reached in determining whether this case falls within the Court's limited jurisdiction. Assuming, *arguendo,* that the actions complained of are governed by the System Agreement, Defendants still do not have an appropriate basis for removal. Defendants may have a successful defense based on the provisions and application of the System Agreement, but, as noted above, a federal defense does not provide this Court with jurisdiction. *Caterpillar*, 482 U.S. 386.

### VI. Conclusion

For the reasons articulated above, this Court determines that it has no subject matter jurisdiction in this case. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Remand and

6

**REMANDS** this lawsuit to the 344th District Court of Chambers County. The Court respectfully defers any unresolved issues to the remand court. Each Party is to bear its own taxable costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE**, this 29th day of January, 2004, at Galveston, Texas.

SAMUEL B. KENT
UNITED STATES DISTRICT JUDGE